*MATTHEWS*
*v.*
*CREDITORS.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

|     |      |
|-----|------|
| 10  | 719  |
| 48  | 325  |
| 49  | 1537 |
| 10  | 719  |
| 106 | 756  |

## SOLOMON KOHN *v.* MAYOR AND COUNCIL OF THE TOWN OF CARROLLTON.

The allegation that the plaintiff has been demaged, does not determine the question, whether the action springs *ex delicto* or *ex contractu;* for damages result as well from the violation of contracts, either express or implied, as from the commission of offences and quasi-offences. Nor will the casual and auxiliary averments of illegality, wrong and even violence, conclude the plaintiff as to the character of his action, unless it should appear from a fair examination of his whole petition, that an illegal tort forms the gist of the complaint.

By the Act of May 1, 1847, p. 161, plaintiff was authorized by the Legislature, with the consent of the town of Carrollton, to make a contract, but within eight months from the passage of the Act. This condition forms a part of his implied contract with the town. He failed to meet it. *Held:* That the town had a right to resume the occupation of the road.

APPEAL from the Third District Court of Jefferson, *J. Clarke*, J. *Samuel R. Walker*, for plaintiff and appellant. *Beecher & Elliott*, for defendants.

SPOFFORD, J. The plaintiff has appealed from a judgment of the District Court, dismissing his suit, upon a plea of prescription interposed by the defendants.

The only question decided below or discussed here, seems to be this; does the action spring *ex delicto* or *ex contractu ?*

We cannot concur with the District Judge in considering it as an action in damages for an offence or quasi-offence, and therefore we find the prescription of one year to be inapplicable.

KOHN
*v.*
CARROLLTON.

For the purposes of this inquiry, we must look to the entire petition, and not to any detached expression.

The allegation that the plaintiff has been damaged, does not determine the question, for damages result as well from the violation of contracts, either express or implied, as from the commission of offences and quasi-offences. Nor will the casual and auxiliary averments of illegality, wrong, and even violence, conclude the plaintiff as to the character of his action, unless it should appear, from a fair examination of his whole petition, that an alleged tort forms the gist of the complaint.

So far is that from being the case, that we find the demand to be really founded upon an account for moneys laid out and expended for the benefit of the defendants under a contract, or at least a quasi-contract, the complete fulfilment of which, on his part, they are alleged to have wrongfully prevented.

The plaintiff, in brief, complains that the Legislature of Louisiana, with the assent of the town of Carrollton, authorized him to make a turnpike or shell-road of Canal Avenue, with the privilege of taking certain tolls, until his expenses should be reimbursed, when the road was to be surrendered to the town; that the said town of Carrollton, through its constituted authorities, for a time acquiesced in and approved his work, till he had expended the sum of $3,979 54, when they illegally took possession of the road before its completion—refused to allow him to finish it, so as to reimburse himself, and appropriated to their own use the results of his labor. Wherefore he prays judgment for the amount so expended.

A plainer case of liability *ex contractu* could scarcely be stated.

In his commentary on the Napoleon Code, Marcadé has developed the distinction between damages *ex delicto*, and damages *ex contractu*, with his usual brevity and felicity. The former flow from the violation of a general duty, the latter from the breach of a special obligation. Commenting upon Article 1382 of the French Code, (C. C. 2294,) Marcadé, says: "Remarquons bien que c'est de la violation d'un devoir proprement dit qu'il s'agit, d'un de ces devoirs généraux existant au profit de toutes personnes, et non pas de la violation du devoir existant spécialement de telle personne déterminée à telle autre personne déterminée, et qui constitue l'obligation," etc; "Le Code ne s'occupe plus ici, sous le nom de délits et quasi-délits, que des violations de devoirs généraux."

But the judgment appealed from, although based upon an erroneous ground in the first instance, is correct for other reasons.

In the first place, the plaintiff has not proved his accounts by evidence sufficient to authorize a judgment in his favor.

Again: he seems to have forfeited all right to claim indemnity, upon his present petition, under the Act of May 1st, 1847, by his failure to comply with the conditions imposed upon him by that Act. His privileges were made to depend upon his carrying the work on to its termination, within eight months from the passage of the Act. (Session Acts, p. 161.) This condition formed a part of his implied contract with the town. Having failed to meet it, the town had a right to resume the occupation of the road.

The allegations in the plaintiff's petition, that the term really given him was eighteen months, and was misprinted in the law as promulgated, are unsupported by any evidence in the record.

Nor does the Act of March 16th, 1848, (Session Acts, p. 61,) improve his case.

Aside from other objections, it is manifest that the latter Act, purporting to amend the former, is in violation of the Article 119 of the Constitution of 1845, and is therefore void. The sections ostensibly amended, were not re-enacted and published at length.

It is therefore ordered, that the judgment appealed from, be affirmed, with costs, without prejudice to a future action.