## LAYNE v. LOUISIANA POWER & LIGHT CO. et al.
### No. 4970.

Court of Appeal of Louisiana. Second Circuit.

Dec. 23, 1935.

Warren Hunt, of Rayville, for appellant.

Hudson, Potts & Bernstein, of Monroe, for appellees.

PER CURIAM.

Plaintiff in his original petition prayed for judgment "in the full sum of thirty thousand ($30,000.00) dollars, with interest at the rate of 5 per cent. per annum until paid." As the judgment of the trial court rejected plaintiff's demands, it was necessarily silent on the subject of interest. Our original judgment on appeal, reversing that of the lower court, was also silent as to interest.

Plaintiff's application for a rehearing set out that the court had erred in failing to allow legal interest from judicial demand. A rehearing was granted, and, after reargument and submission, we reinstated our former decree and judgment without making any reference to interest.

Plaintiff now prays that the judgment be corrected so as to specifically allow the interest demanded.

Act No. 206 of 1916 provides:

"That legal interest shall, hereafter, attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto,' which may be rendered by any of the courts in the State."

In the case of Caldwell v. City of Shreveport, 150 La. 465, 90 So. 763, 764, referring to this act, it is held that:

"The recovery of legal interest on the judgment from the date of judicial demand is therefore a matter of absolute right."

In a case wherein interest was allowed from the date of judgment, instead of in accordance with the act and holding in the Caldwell Case, we said:

"Under the above-cited act and decision, there can be no controversy over the question as to whether the appellee is entitled to interest from judicial demand, and, for that reason, it is not necessary that we grant a rehearing in order to amend our decree in that respect."

Webb v. Vicksburg, S. & P. Ry. Co., 10 La.App. 278, 119 So. 720, 721.

In the case of Webb v. Lambert, 14 La. App. 147, 128 So. 317, 129 So. 200, where as in the present case the judgment on appeal, reversing that of the lower court in favor of defendant, was silent on the question of interest, it was held:

"We are asked to amend our decree so as to allow interest from judicial demand. In view of the phraseology of Act No. 206 of 1916, the amendment asked for is unnecessary."

In Grennon v. New Orleans Public Service, 17 La.App. 700, 136 So. 309, 311, where the identical question presented here is fully discussed, the court said:

"Interest need not be prayed for or mentioned in the judgment to entitle a successful litigant in an action ex delicto to claim it."

To the same effect is Poulan v. Gallagher (La.App.) 148 So. 511.

While it is apparent from the above decisions that the judgment in this case carries interest from judicial demand, in order to prevent any confusion, it is now amended so as to allow legal interest from judicial demand, until paid.