## BURNETTE v. TOEBELMAN.

### No. 17297.

Court of Appeal of Louisiana. Orleans.

April 8, 1940.

Rehearing Granted April 22, 1940.

Decree Reinstated on Rehearing

June 4, 1940.

See 196 So. 529.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for appellant.

William H. McClendon, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment dismissing a claim brought by the paramour of a tenant against the landlord because of alleged physical injuries sustained by a fall caused by defective flooring on the back porch of the leased premises.

We are most reluctant to disturb the judgment because it is based upon a question of fact and, under familiar and oft-repeated decisions of this court, such judgments are entitled to great respect. We have, however, carefully studied the record and have reached the firm conviction that a case of liability is made out with legal certainty.

Plaintiff, Jannette Burnette, a negress forty-nine years of age, testified that as she walked upon the flooring with the intention of going to the toilet, and after putting her right hand on the doorknob to unlock the toilet door, she fell through the porch floor, with her leg in the hole caused by the broken flooring and her body falling backwards striking her head on a small, temporary post.

Anna Pier, the plaintiff's sister, declared that she saw plaintiff the night of the

accident lying in bed, suffering considerably, and that plaintiff was hardly able to talk.

Frederick C. Toebelman, the defendant, and Julius Hughes, his carpenter, each testified that they saw the hole in the floor— Toebelman the day after the alleged accident and Hughes the second day after the accident.

John Williams, the tenant, and paramour of plaintiff, testified that he was in the kitchen when he heard Jannette scream, and, upon going out upon the back gallery, he saw her with one leg in the hole and one on the porch; that he lifted her out of the hole and assisted her to her bed; that he examined the hole a few minutes after the accident; that it was situated about two feet from the toilet door and was about six inches wide and that a part of the broken flooring went down in the hole.

Dr. Mallowitz treated plaintiff on the night of the alleged accident for an injury to the lower part of her neck and myositis (inflammation of the muscle), contusion of the left leg and left thigh. When he first saw her "she couldn't move her neck or back without a great deal of pain and (in) the left lower extremity." As a result of the accident, according to Dr. Mallowitz, she was partially disabled for three weeks and totally so for about two weeks. He saw her six or seven times and he says she owes him $25 for his services.

We have often commented upon the disadvantage of defendants in suits of this character. Dugas v. Mayer, La.App., 179 So. 607; Smith v. St. Raymond et al., La.App., 170 So. 379. But, on the other hand, in this case nothing short of an absolute disregard of the testimony in the record would justify a holding against plaintiff. It is possible that the trial judge discarded the evidence upon the ground that it was unworthy of belief, but, beyond the fact that most of the ocular evidence was given by interested parties, there is nothing which would justify a suspicion of its credulity. Moreover, the mute testimony of the hole in the floor is corroborative of the evidence of the witnesses. We have said that, under such circumstances, the rule concerning the respect to be given the judgment of the trial court on questions of fact must be relaxed: "We refrain from any comment upon counsel's animadversions upon the negro witnesses, except to say that comparisons are odious. If the jurisprudence is as counsel states it to be, the fact has escaped us, for we have on occasion conceived it to be our disagreeable duty to set aside judgments, though only issues of fact were involved and the court's conclusion reached, as it invariably is, only after able and conscientious consideration. We would have it otherwise, and as able counsel puts it, for it is only from a compelling sense of obligation and of legal necessity that we, with a keen appreciation of our disadvantage, undertake to review testimony the effect of which has been appraised by the learning, experience, and integrity which characterizes the judges of our trial courts. This case happens to be one which calls for the discharge of an unpleasant duty." Webb v. Lambert et al., 14 La.App. 147, 128 So. 317, 129 So. 200.

While we are confident of the defendant's liability, we are not impressed with the serious character of plaintiff's injuries, which, though doubtless painful, were not prolonged, and we are disturbed by the thought that the plaintiff has exaggerated her suffering. Without discussing the injury of plaintiff in detail, we have concluded to allow her $150.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and it is now ordered that there be judgment herein in favor of plaintiff, Jannette Burnette, and against the defendant, F. C. Toebelman, in the full sum of $150, with legal interest from judicial demand and for all costs.

Reversed.