CAVANAUGH, Judge.
The plaintiff sues the defendant for damages to its truck resulting from a collision between its truck, being driven by its driver Amos George, and a Buick automobile owned and operated by the defendant. The accident occurred on October 30, 1951, on a gravel road in Ascension Parish approximately 3 or 4 miles west of Gonzales. The accident occurred in the center of a curve in the highway when plaintiff’s truck was travelling westerly on the north side of the road and defendant’s Buick automobile was travelling east. A parked automobile -was on the south si.de of the road in the center of the curve, headed east, the same direction in which the defendant was travelling when the . accident occurred. The truck driver was ■ the only witness who testified as to facts showing how the collision occurred. The defendant did .not testify and no evidence was offered in his behalf.
After trial, the Lower Court rendered judgment in favor of plaintiff as prayed for, in the sum of $507.16, together with legal interest thereon from January 3, 1952 until paid and. for .costs.
From the judgment the defendant has appealed.
. The defendant .contends here that the plaintiff- did pot establish its case by a preponderance of the evidence and that - the testimony of the only eye witness to the accident shows contributory negligence on his part which precludes recovery by the plaintiff. The defendant, .did not plead contributory negligence in the lower court, but has filed here an exception of no cause and no right of action based on the contributory negligence of plaintiff’s driver. The defendant also, filed in .the lower court a re-conventional demand for damages suffered to his Buick automobile, but the plea was not filed until more than twelve months after the accident, and plaintiff in the suit and defendant in the plea pled the prescription of one year, which was maintained below because the damage to the Buick occurred on October 30, 1951 and the plea was not filed until November 21, 1952.
*624 It is our opinion that the plea of prescription was properly sustained as to defendant’s reconventional demand because the plea was not made until more than one year, after the damage occurred. LSA-Civil Code, Art. 2315. The exception of no cause and no right of action filed in this court can not serve the purpose of a plea of contributory negligence. Golden v. Creole Delicacies, La.App., 28 So.2d 99. A plea of contributory negligence is an affirmative defense and, in order to defeat recovery by plaintiff, must be pled and can not be urged for the first time' on appeal after judgment under the style or name of an exception of no cause or right of action. Contributory negligence is not reflected by plaintiff’s petition. Quatray v. Wicker, 16 La.App. 515, 134 So. 313; McDonald v. Stellwagon, La.App., 140 So. 133; Stokes v. Big Chain Stores, La.App., 159 So. 125; Meyer v. Rein, La.App., 18 So.2d 69; Althans v. Toye Brothers Yellow Cab Co., La.App., 191 So. 717; Oliphant v. Town of Lake Providence, La.App., 193 So. 516. Under the circumstances, we would be warranted in refusing to consider the plea because the issue was not -raised below. Whatley v. McMillan, 152 La. 978, 94 So. 905.
The only question presented then by the appeal is whether or not the plaintiff established its case by a preponderance of the evidence to entitle it to recover. The evidence contained in the record as previously stated is that of the truck driver, George. He testified that as he was driving the truck at- a rate of speed of 25 or 30 miles per hour, he saw defendant approach-ihg the parked automobile from the opposite direction.' He pulled his truck as far as'he could to the north side of the highway, or the outside of the curve, but the defendant was going at such a rapid rate of speed that when he approached the parked automobile and saw that there was not sufficient room for him to pass between the parked automobile and the truck of plaintiff, defendant applied his brakes, and in doing so his car skidded-and struck plaintiff’s truck along the left center of-the front fender, left door and left rear wheel, and then bounced back into the parked automobile. Photographs of • plaintiff’s damaged truck were filed in the record, and the indentations in the truck resulting from the collision corroborate the truck driver’s testimony. The truck had approximately passed the rear end of the parked automobile, according to the driver’s testimony, and there was a space of about five feet between the truck and the parked car át the rear of the parked car, so that if defendant had not been driving at such an excessive rate of speed when he approached the parked automobile, he could have stopped his car and avoided the accident. The testimony shows that the defendant was rounding this sharp curve at such an excessive rate of speed that when he was confronted with the parked- car blocking his lane of travel, and also the oncoming truck, he either had to apply his brakes or run into the back end of the parked car, or turn to the left in the face of the oncoming truck. In applying his brakes, his car veered to the left and went over into the opposite lane of travel'and struck plaintiff’s truck. The excessive speed of the Buick automobile being driven by defendant -and defendant’s failing to keep a proper lookout and to have his car under proper control was the proximate, cause of the accident. Even if defendant had pled contributory negligence of plaintiff, in being on the opposite side of the road as he approached the parked automobile, plaintiff’s driver had regained his side of the road after he had •passed the-parked car and was on his side of the road when the accident occurred. Williams v. Pelican Creamery, La.App., 30 So.2d 574; Drewes v. Miller, La.App., 25 So.2d 820.
The defendant questions the allowance of the claim of $110 for rental paid or contracted to be paid to Abe Matavia for another truck used by plaintiff in its business while its truck was undergoing repairs, and also questions the item of $25 due the D. & L. Auto Service, which plaintiff was obligated to pay to have the truck pulled in from the place where the accident occurred. One of the partners of the D. & L. Auto Service testified as to the correctness of-the $372.16 paid it by the plaintiff for the ac *625 tual' repairs to the truck- and also testified that it paid the Gonzales Motor Company $25 for pulling the truck in to Gonzales from the place where the accident happened. The truck was in the garage for a period of thirty days awaiting repairs, and the witness, Marchand, one of the partners in the business who did the- repair work, worked ten or twelve days on the truck. The witness, Montalbano, manager of the plaintiff company, testified that it was necessary to hire a truck to replace the damaged truck and that he contracted with Ma-ta via for his truck-and agreed to pay him $10 per day for its use. He did not know whether the bill had been paid or not, but that price was agreed upon, for the use of a hired truck.
We believe that the law is that where a person’s property, such as an automobile, is damaged, and it is used in his businessj such person is not only entitled to a reimbursement for the actual cost he -has to incur to repair the damage, but is also entitled to damages for being denied the use of the equipment. The plaintiff in this case was deprived of the use of its truck for about 'thirty days and has only claimed in this suit eleven days, or the actual time it took the garage to make the repairs:
The only other questionable item is the $25 charge incurred in pulling the truck from the scene of the accident to the garage at Gonzales. The witness Marchand testified that his company had not been paid this amount and that it .was not included in its bill for repairs. Therefore, the plaintiff is entitled to recover this sum, whether it has been paid or not, because it has obligated itself to pay it. Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436; Drewes v. Miller, supra.
We approve the finding of "fact by the Lower Court, and it is fully supported by the evidence.
For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.