HOOD, Judge.
Plaintiff instituted this suit against the Rapides Parish School Board for the sum of $2,497.50, representing the balance alleged to be due under a contract entered into between plaintiff and defendant. Defendant answered admitting that it owes plaintiff $404.50 under the contract, which amount was tendered and deposited in the registry of the court, but denying that it is indebted to plaintiff for any additional sums. Defendant specially pleads compensation and setoff as to the balance of the sum originally claimed by plaintiff, and, in the alter *822 native, it reconvenes for judgment against plaintiff for that same amount.
After trial of the case on its merits, the trial court rendered judgment in favor of plaintiff for the amount which had been deposited in the registry of the court. Judgment further was rendered in favor of plaintiff for the additional sum of $2,-093, but under defendant’s reconventional demand judgment for a like amount was rendered in favor of defendant and against plaintiff, plaintiff being condemned to pay all costs of the suit. From this judgment plaintiff has appealed.
The trial judge has accurately stated the facts and in our opinion has correctly disposed of the issues presented here in the following well-written opinion, which we adopt as our own:
“On June 25, 1958 the plaintiff entered into a written contract with the defendant for the removal of the old roof and instalation of a new roof on the Pineville Grammar School, all in accordance with written specifications which are annexed to the contract. In removing the old roof from the building three circular ventilators, each 24" in diameter, were removed. To prevent rain from going through these openings down into the interior of the building and causing damage while the new roof was under construction, the plaintiff testified that he and his crew placed two layers of felt over these openings and stretched it and nailed it down. On July 23, 1958 while the work was still in progress a heavy rain came up and water went down through these ventilator holes into the building causing considerable damage. Mr. James Westgard and Mr. J. C. Ward, both employees of the plaintiff, testified that they were on the roof working and that they rolled out, stretched and nailed down the two layers of felt over these openings and when the rain came up they did what they could to protect against water entering the building. These witnesses, as well as other roofing contractors who testified on behalf of the plaintiff, stated this was the standard procedure for protecting against rain while a roof was in the process of construction. All were of the opinion that the simple falling of the rain itself would not break two layers of felt and that what must have happened in this case was that the felt sagged and water accumulated over the openings and finally broke through the felt and went on down into the building. It is admitted by the plaintiff that no supports were placed over the openings and underneath the felt to support it. The plaintiff himself testified that although this felt would have protected against a light rain, it rained so hard on this occasion that the weight of the water accumulating in the sag over the holes tore the felt open and let the water run down inside the building.
“The damage was discovered immediately and the plaintiff called his insurance agent who sent out an adjustor, Mr. Jack Soden, to inspect the damages. On the same day the plaintiff also notified Mr. David C. Bates, the School Board member who is responsible for this particular building.
“The insurance adjustor, Mr. Soden, apparently led the plaintiff to believe that his policy covered the loss. In due course the plaintiff, Mr. Soden, Mr. David C. Bates, and Mr. Walter E. Price, the architect on the job, all agreed that they would obtain three bids on the repair work necessitated by the water damage, the work to be done by the lowest bidder. It was also agreed by all parties concerned, including the plaintiff, that the School Board would withhold from the amount which might be due to plaintiff under his roofing contract, the sum which was necessary to pay for the water damage, as represented by the lowest bid. The obvious purpose of this arrangement was to protect the School Board in the event plaintiff’s insurance carrier, for any reason, refused to pay the claim.
“The low bid for the repair work was submitted by Mr. T. C. Price, who was paid the sum of $2,093 by the School Board. Then after the plaintiff completed the new roof, his work was accepted and on authorization from the architect the School Board *823 paid to plaintiff the sum of $1,547.50. Plaintiff testified that he accepted this amount and that he would receive the rest of his contract price after his liability insurance carrier paid the claim.
“The plaintiff's insurance carrier refused to pay the claim for the water damage and now plaintiff has instituted suit against the School Board for the balance of the contract price. The defendant, School Board, filed an answer in which they plead compensation on the theory that the School Board has an equally liquidated, due and demandable claim against the plaintiff for damages due to breach of contract. In the alternative the defendant pleads a recon-ventional demand for these same damages.
“In its answer, the defendant alleges that the original contract for the roofing was $4,045 of which $1,547.50 has already been paid to the plaintiff and the sum of $2,093 was paid to Mr. Price for the water damage, leaving a balance of $404.50 * * * representing 10% of the contract price which was withheld pending completion of the job all in accordance with the original contract. The defendant has deposited in the registry of the Court this sum of $404.-50 admitting liability to the plaintiff therefor.
“It is the contention of the plaintiff that under the terms of this contract he is responsible for only such damage as might result from his negligence or improper workmanship and that he is not an insurer as to any damage which resulted from removing one roof and applying a new one. The contract contained the following clause:
“ ‘Any damage incurred to the building through the removal of said roofing materials, or in the installation of new roof shall be repaired at the expense of the contractor.’
“Counsel for the plaintiff has cited the case of A. H. White Company v. Burglass [La.App.], 184 So. 225, which interpreted a very similar contractual provision as follows :
“ ‘We feel that this is the proper interpretation of the clause in question and that consequently, the White Company cannot be held responsible for the damage sustained here unless the damage was caused by improper work, or by failure to protect portions of the exposed roof against rainfall. We therefore turn to the evidence to consider this question.’
“The Court is of the opinion that plaintiff’s contention is correct and that he is not responsible in damages unless the damage was caused by his negligence or improper work. We therefore shall consider the next question of whether plaintiff was guilty of negligence or failure to take proper precautions to prevent damage to the interior of the building.
“The plaintiff contends that he took the standard precautions which are usually taken by people in the roofing business and he is therefore free from negligence. The plaintiff and several roofing contractors whom he called as witnesses testified that when they remove a portion of an old roof they cover it with two layers of felt to protect against rain and that of course is what was done in this case. All of the witnesses testified that no rain would be hard enough that the simple falling of the drops of rain would break through the felt and obviously what happened in this case was that the felt sagged over the ventilator openings allowing water to accumulate in this sag and the weight of the water broke the felt. There is no question in the Court’s mind but what this constitutes negligence on the part of the plaintiff. Any ordinary reasonable roofing contractor should have foreseen such a danger in the event of a hard rain. Apparently the plaintiff takes the position that he would be responsible only for light rains and that since this was a very hard rain he should not be responsible. In the recent case of Second Church of Christ Scientist v. Spencer, 230 La. 432, 88 So.2d 810, our Supreme Court in considering a similar case held as follows:
*824 “ ‘We are impressed with the theory that most of the damage occurred by reason of the rainfall on August 12, and that the heavy rain falling on the roof and rushing back to the rear thereof was precipitated against the rear wall and forced over and under the paper tucked under the counter-flashing. It is obvious that the volume of water rushing to the rear of the roof accumulated against the rear wall and rose high enough to go over the turned up tar paper and seep down by wall to the ceiling and the sides of the organ chamber. The paper having simply been tucked up and under the old counterflashing could certainly afford no protection against water forced over the top of the paper.’
“In the present case also it is obvious that the volume of the water which accumulated over these ventilator openings caused the felt to tear and allow the water to run down into the building. Some precaution should have been taken to prevent this. One possibility suggested in the evidence was to place boards or other supports across these openings to support the felt. In any event the Court is of the opinion that plaintiff was clearly negligent for his failure to see the danger and take necessary precautions to prevent this damage.
“Having found that the plaintiff was guilty of negligence in his performance of this contract the next question is whether the defendant is entitled to withhold in its hands the amount of money which was necessary to repair the water damage either under defendant’s principle plea of compensation or under its alternative defense which is a reconventional demand. The question of which of these legal concepts shall apply is interesting from a legal standpoint, but the practical result will be the same.
“The defendant’s plea of compensation is based on the theory that the plaintiff, by reason of his breach of contract, is indebted to the defendant on a claim which is liquidated, due and demandable (Civil Code Articles 2207, 2208, 2209). The defendant’s claim against plaintiff is clearly liquidated because plaintiff and defendant agreed to the exact sum necessary to make these repairs. However, the plaintiff contends that the debt is not due and demand-able because plaintiff never admitted liability and agreed to let defendant withhold the sum of $2,093 only on the condition and with the understanding that plaintiff’s insurance carrier would pay the claim. Since plaintiff’s insurance carrier had refused to pay the claim, plaintiff now contends he is not bound by any agreement to pay it himself. The Court does not feel it is necessary to discuss at length the evidence or the legal principles involved in this issue of compensation because even if the plea of compensation is not allowed the defendant is clearly entitled to judgment on its re-conventional demand.
“As regards the reconventional demand, the plaintiff, at the outset of the trial, filed a plea of prescription on the theory that the reconventional demand is an action in tort which was prescribed in one year. The plaintiff cites the case of Fruit Exchange Inc., v. Simmons [La.App.], 71 So. 2d 622, which is authority for the proposition that a reconventional demand in tort is a separate and distinct cause of action from the principal demand and is subject to the laws of prescription. However, the reconventional demand in this case is not a tort action but is a personal action arising out of breach of contract and is prescribed in 10 years. In the case of Transportation Equipment Company v. Younger Brothers Inc., 34 So.2d 347, the Orleans Court of Appeal held as follows:
“ ‘The entire burden of the recon-ventional demand is that the defendant in reconvention has failed to carry out its contract, and however stoutly it may have been alleged that this failure was due to negligence, we think that, nevertheless, the claim is in reality *825 based on a breach of contract and is, therefore, not prescribed in one year.’
“In the case of P. Oliver & Sons v. Board of Commissioners, 181 La. 802, 160 So. 419, 420, appears the following:
“ ‘ “It is said in Kohn v. Town of Carrollton, 10 La.Ann. 719, and confirmed in many subsequent cases, that the allegation by a plaintiff that he has been damaged does not determine that this action is ex delicto; for damages result as well from violation of contracts as from quasi offenses. The character of the action is determined from an examination of the whole petition.” ’ ”
“See also the recent case of Sizeler v. Employer’s Liability Assurance Corp. [La. App.] 102 So.2d 326, and the- authorities cited therein which clearly hold the well established rule that a cause of action based on negligence or improper workmanship in the performance of a contract is an action in contract and not in tort. Plaintiff’s plea of prescription as to the reconventional demand must therefore be overruled.
“For the reasons hereinabove set forth it is therefore the opinion of the Court that the plaintiff herein is entitled to judgment against the defendant for the sum of $2,093, but that the defendant is likewise entitled to judgment on its reconventional demand against the plaintiff for the sum of $2,093, and these two claims being equal neither plaintiff or defendant is entitled to any excess. It is the further opinion of the Court that there should be judgment herein in favor of the plaintiff and against the defendant for the sum of $404.50, which was deposited by defendant in the registry of the Court. Plaintiff is liable for all costs of these proceedings.”
For the reasons above quoted, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.