YARRUT, Judge
(dissenting).
I am constrained to dissent from the affirmation of the judgment in favor of the husband on his reconventional demand, seeking to justify his admitted abandonment of the wife on the ground of mental and physical cruelty; and in denying judgment to the wife on her main demand charging abandonment. The statement of the issues and record are fully set forth in the majority opinion.
The only testimony was given by the parties themselves, except that the wife’s sister testified that she kept a clean house, and that she was present when the husband came with a son by a previous marriage and moved his belongings into the barn or “milk shed” (as it was sometimes called) without any incident other than, when the wife asked him for the barn key, he replied, “The damn barn is locked and will stay locked,” and he then left.
The parties for some years prior to the husband’s leaving in the fall of 1958, occupied separate sleeping quarters, without apparent objection from either.
There were mutual criminations and recriminations. The wife testified that, in the last two years, her husband abused her, called her a vile name, and told her he was going “to do her all the dirt in the world he could”; that he did not need a wife any longer, and did not propose to support one, because of his waning physical powers, presumably meaning impotence.
In his behalf, the husband testified to the allegations in his reconventional demand, and, in particular, said she refused to let him enter her bedroom because he “stank” and would not wash his clothes because they smelled like a pet dog he per *166 mitted to sleep in his bed. The husband testified it was her dog, and he kept it in his room because she would not keep it in her room.
The husband was not employed but had a modest annual income of $2,200 from investments. He gave his wife, some weeks $8 to buy food, some weeks $12, and some weeks $18. She testified she prepared the meals in keeping with his allowances; that he paid the gas and water bills, and limited clothing; that he repeatedly threatened to leave and divorce her, finally carrying out his threat on October 2, 1958, when he moved into the shed, and on October 19, 1958, when he left the premises completely to live with his daughter.
Notwithstanding the cruelties charged against his wife during the four years previous to his leaving, he continued to live with her. This is what the majority opinion characterizes as “forbearance” on the part of the husband. Before there can be “forbearance”, there must first be proof of the cruelties that the husband had to forbear.
It is significant that the younger son (Melvin) who is alleged to have restrained his mother from striking his father in 1956 with the sledge hammer, though in the military service at the time of trial, was not produced as a witness nor his deposition taken, nor any request by the reconvenor-husband for a continuance so his son’s deposition could be taken. The burden of producing the son’s testimony rested with the father, not the mother, since he had to prove his charges of cruelty, not her duty to disprove them, no matter how distasteful it would be to have a son testify for or against one or both of his parents.
Since this alleged act of cruelty in 1956 was condoned by the husband, who lived with his wife until October, 1958, its proof could not serve as the basis of a judgment, but only as corroboration of similar acts committed later and forming the basis of a separation suit. While there is no such charge here of a later act, the proof vel non would have considerable probative value in determining which was more worthy of belief.
There is no question that the husband would be entitled to a judgment if he proved his allegations by a preponderance of the evidence. LSA-C.C. Art. 138. Nor is there any question that, if both spouses are equally at fault, relief will be granted to neither. Eals v. Swan, 221 La. 329, 59 So.2d 409; Callahan v. Callais, 224 La. 901, 71 So.2d 320.
The manifest error rule invoked by the majority opinion to the effect that the findings of fact of the trial judge will not be reversed unless manifestly erroneous, should not be applied here. When the trial judge does not give any reasons why he believed one set of witnesses, or one party over the other, we are relegated to the record to determine whether or not there is or is not manifest error. Cramer v. Emmco Insurance Co., La.App., 80 So.2d 549; Malbreaugh v. City of Baton Rouge, La.App., 68 So.2d 619; Gordon v. Pittman, La.App., 61 So.2d 609; Townley v. Pomes, La.App., 198 So. 788; Burnette v. Toebelman, La.App., 195 So. 135; Webb v. Lambert, 14 La.App. 147, 128 So. 317.
Let us consider the various charges of mental cruelty. Take for instance the charge that she did not cook his meals as regularly as she should. Her explanation is that he gave her sometimes $8 per week, sometimes $12 per week, and sometimes $18. With this he expected three meals a day, or six meals a day between them, or a total of 42 meals per week. Even had he given her $12 per week regularly, it would only have allowed her a lit tie over 30 cents a meal. Pie did pay the gas and water, but paid no rent because they were living in his own separate property, from which he evicted her four months after the judgment of separation, as disclosed by Seeling v. Seeling, La.App. 133 So.2d 168. If the wife were complaining about his not providing sufficiently for the meals, his an *167 swer could very well be that he was doing the best he could with his limited income. But she never complained, he is the one now complaining.
With reference to washing his clothes, she claimed she did not wash his clothes with the other clothes in the washing machine because they smelled like the dog he was sleeping with. He admitted he had the dog in his room, but explained he had to keep the dog because she refused to do so.
With reference to not letting him view the television set, she denies that. And with reference to denying him access to the marital bed, she testified she always performed her marital duties.
With reference to the only allegation of physical cruelty, namely, the attempt to hit him with a sledge hammer, the only witness present was their grown son. It is true he was in the military service and there might have been some difficulty getting his deposition, but the husband made no effort to that end, nor did he ask for a continuance. He, not she, bore the burden of proof.
Considering the record as a whole, it seems that the difficulties were due to the great disparity of 28 years in their ages, widening in inverse proportion as they both advanced in years; at 20 for her and 48 for him when they married, and at time of suit in 1958, 43 for her and 71 for him. She has never complained, but appears to have made the best of the marriage, with patience and fortitude.
Even if we were to reach the conclusion of mutual fault and relief should not be granted to either, we must bear in mind that the wife is not suing for separation on the ground of cruelty, only the husband to justify his abandonment. She is suing for abandonment, which he admits, but seeks to prove justification.
I believe the real reason for the abandonment is to relieve the husband of his duty to support his wife. She lived with him for 23 years, bore him two sons, was his cook, house maid and washwoman, without any complaint on her part, or his part, and now, to avoid payment of alimony, he abandons her, and seeks to justify it by charging cruelties committed over the last few years without any apparent objection or complaint on his part and without any satisfactory proof, which the majority opinion states was “forbearance”. The eviction of his wife from the former matrimonial domicile, leaves her without a home, and the judgment of separation in his favor leaves her without any support at a time when she has reached middle age and is solely dependent upon him. The rule of manifest error must give way to the burden of proof. I think there is manifest error in the Trial Court’s conclusions without reasons therefor, and the rule of preponderance of evidence under burden of proof, resting upon the husband, should be invoked against him.
In the case of Schneider v. Schneider, 209 La. 925, 25 So.2d 900, 901, on the question of burden of proof, we quote from the opinion by Chief Justice Fournet, an apt paragraph:
“From our appreciation of the evidence, which we have studied very carefully, we conclude, as did the trial judge, that most of the difficulties that arose between these parties apparently came about as the result of arguments over money matters and we think these difficulties have culminated in the present incompatibility of these parties. But we disagree with the trial judge’s conclusion that the defendant has borne the burden of proof that was upon him to support his special plea of condonation, based on his alleged cohabitation with his wife on June 9, 1944. To support this he relied on his uncorroborated testimony, which is flatly denied by his wife, and, in our opinion, there is nothing in the record that would justify our giving more weight to his testimony in this respect than to hers. He has thus failed to establish this plea by the *168 preponderance of the evidence required by law.”
For the reasons assigned, I think the judgment of the District Court should be reversed and the wife should have judgment of separation on her main demand, and the husband’s reconventional demand dismissed. Accordingly, I respectfully dissent.