REID, Judge.
Plaintiff, Barrett Division, Allied Chemical and Dye Corporation, brought this suit against Elwin J. Duplantis, doing business as Duplantis Truck Line, being an action for damages resulting from breach of contract. The defendant filed a plea of prescription of one year as prescribed by LSA-Civil Code Article 3536, and interpleaded several party defendants, one of whom, Charles Page, filed a similar exception and also pleaded one year prescription under Louisiana Civil Code Article 2315. Various other pleadings were filed by the defendant and other third party defendants but these pleadings are not relevant to the issue herein.
The exceptions were tried on December 15, 1959 by a Judge of the 17th Judicial District Court, who rendered judgment maintaining the exception of prescription based on Article 3536, dismissing plaintiff’s demand and assessing costs against the plaintiff. Judgment was rendered and signed on December 16, 1959. From the judgment maintaining the exception the plaintiff took this appeal and the matter before this Court is solely on the question of the maintenance of the exception of prescription.
The facts as alleged in plaintiff’s petition, which are the only facts before this Court, show that on December 10, 1951 the plaintiff entered into a contract with the defendant, confirmed in writing on December 13, 1951, a copy of which said contract was filed with the petition and marked for identification as Plaintiff’s Exhibit A. The contract provided that the defendant, as an independent contractor, was to provide suitable dock space, unload barges which contained pipeline coating material in drums, and transport said material by truck at indicated points to various designations set forth in the said contract. Among the terms of the contract was the following clause concerning the obligation of the defendant to exonerate and indemnify the plaintiff in the event of damage or injury to persons or property arising as a result of the operations of the defendant in carrying out the said contract:
“You shall fully exonerate, indemnify and save us harmless from and against all claims or actions, and all expenses incidental thereto, based upon or arising out of damage or injury to persons or property actually or allegedly caused by, or sustained in connection with, the foregoing operations. You shall furnish us with certificates evidencing public liability, property damage, and cargo insurance coverage required for the loading, transportation and discharge of the cargo.”
The plaintiff alleges that it contracted with John I. Hay Company, a barge carrier, to transport portions of the material on the John I. Hay Company Barge No. 94 originally destined to Creole, Louisiana, for transshipment by the defendant to The Texas Company. The barge was reassigned to the Pure Transportation Company wharf at Chalky, Louisiana, where on February 5, 1952, the said John I. Hay Company secured the barge to the Pure Transportation docks, at which time it is alleged that the responsibility of the John I. Hay Company ended and the responsibility of the defendant commenced. On or about February 5, 1952, the barge became adrift, was returned to its mooring, and on February 9, 1952 the barge, loaded with approximately 1000 tons of asphalt pipe covering material, again was torn away from its mooring and allegedly caused damage to the wharf of the Pure Transportation Company in a net amount of $2655.50, the amount sued upon herein, all as shown by Exhibit B attached to plaintiff’s petition.
On or about March 2, 1953, the John I. Hay Company paid the sum of $2655.50 to the Pure Transportation Company for the damage to the Pure Transportation Company dock, as set forth by a copy of invoice and statement of account dated May 27, 1952, from the Pure Transportation Company, marked Exhibit B and attached *480 to plaintiffs petition, and also shown by a copy of a receipt and release dated March 2, 1953, signed by Pure Transportation Company releasing Barge JIHCO No. 94, her owners, agents and operators, and especially the John I. Hay Company and Barrett Division of the Allied Chemical and Dye Corporation, in full settlement of any claims, whether in equity, admiralty or law, which said receipt and release is marked Exhibit C and attached to plaintiff’s petition.
On December 17, 1953, the plaintiff paid the said John I. Hay Company the sum of $2655.50 having been called upon to do so under the terms of an alleged shipping contract entered into between John I. Hay Company and the plaintiff, the pertinent part of which contract is set forth in paragraph IV of plaintiff’s petition as follows:
“Item No. 190, page 16
“PROTECTION OF BARGES BY SHIPPER OR CONSIGNEE
“(a) The placement of a barge, whether empty or loaded, by the Barge Line, at a landing place designated by the shipper or consignee shall constitute a guarantee to the Barge Line that the shipper and consignee respectively will assume the duty and responsibility for the safety of the barge until the Barge Line moves it from said landing place, and that the shipper and consignee respectively will comply with all applicable rules and regulations oí the United States Coast Guard.
“(b) When a loaded or unloaded barge is placed at a landing by Barge Line, its towboat will not stand by for shifting or switching of the barge before, during or after loading or unloading.”
and upon payment of said sum obtained a subrogation and receipt dated December 17, 1953, a copy of which is attached to plaintiff’s petition and marked Exhibit D, and also obtained a receipt and release on the same date, copy of which is also attached to plaintiff’s petition and marked Exhibit D-l.
On August 31, 1956, plaintiff brought suit against defendant in which it alleged that the damage to the wharf was caused by the failure of the defendant to properly maintain a barge in a secure position and its neglect of the barge in violation of its contract with the plaintiff. It was further alleged that under the terms of the contract, specifically the provisions quoted above, that defendant was obligated to indemnify the plaintiff from damages which the plaintiff had been required to pay.
Although the defendant in its answer of course denied many of the facts set forth in the plaintiff’s petition, the actual trial of the exception was based upon the sequence of events as set forth in the plaintiff’s petition.
Both the plaintiff and defendant in their briefs stated that the issue before the Court is whether or not this is a suit under contract for damages resulting from breach of contract and therefore subject to the prescription of ten years as set forth in Article 3544 or for suit predicated upon tort liability and subject to Article 3536. The plaintiff, of course, alleges that it is a suit brought for breach of contract and defendant alleges that it is purely and simply a tort action and thus subject to prescription of one year.
In support of his position the defendant points out that the payment to the Pure Transportation Company by the John I. Hay Company was made more than one year subsequent to the date of the alleged acts, and therefore at the time of the payment the Pure Transportation Company could not have maintained an action for damages against either the John I. Hay Company, the plaintiff, or the defendant, and that, therefore, the right of the plaintiff to recover would depend upon whether or not the Pure Transportation Company could successfully meet a plea of prescription of one year. This position, of course, *481 presupposes that the action brought here was one of tort and would thus have been susceptible of one year prescription. The plaintiff on the other hand alleges that this is an action for damages resulting from breach of contract and that the mere fact that damages are prayed for in a suit does not make it an action ex delicto.
An examination of plaintiff’s petition will clearly show that this is an action for damages based upon a breach of contract. In Paragraph IV of the plaintiff’s petition the plaintiff alleges the pertinent facts of the contract which have been quoted above, concerning the indemnification clause. Paragraph XVII sets forth the alleged acts which breach the contract and Paragraph XIX alleges that by virtue of the facts and the contract referred to in Paragraphs II, III, and IV the defendant is obligated to indemnify the plaintiff in the sum of $2655.50.
The Court feels that the facts of this case follow the rule as set forth by the Louisiana Supreme Court in P. Oliver & Sons v. Board of Commissioners, 181 La. 802, 160 So. 419, 420, where the Court said:
“It is said in Kohn v. Town of Car-rollton, 10 La.Ann. 719, and confirmed in many subsequent cases, that the allegations by a plaintiff that he has been damaged does not determine that this action is ex delicto; for damages result as well from violation of contracts as from quasi offenses. The character of the action is determined from an examination of the whole petition.”
See also Transportation Equipment Company v. Younger Bros., La.App., 34 So.2d 347, and Vicknair v. Rapides Parish School Board, La.App., 128 So.2d 821.
The case of St. Paul Fire & Marine Ins. Co. v. Standard Cas. & Sur. Co., La.App., 3 So.2d 463, cited by the defendant in support of his position, is not applicable herein. That case deals with the right of a collision insurance company under its subrogation agreement with its insured to bring an action for tort. There was in that case no contractual agreement between the plaintiff and defendant and it is a well established principle that the sub-rogee would only have the same rights as its insured.
The case of Winford v. Bullock, 210 La. 301, 26 So.2d 822 also cited by the defendant, deals with the obligations among joint tort feasors in solido and does not deal with a contractual obligation.
Having thus concluded that the cause of action set forth in plaintiff’s petition is one for damages resulting from a breach of contract and not a tort action and thus not subject to a plea of prescription for one year, the next matter to be determined by the Court is whether or not there was anything set forth by the facts as presented to the Court which would justify maintaining the exception of prescription, especially the fact that the payment by the John I. Hay Company to Pure Transportation Company was made more than one year after the date of the acts. The defendant, as mentioned above, alleged that because the payment made by the John I. Hay Company to the Pure Transportation Company was made subsequent to one year from the date of the damage, the Pure Transportation Company would have no right of action against either the John I. Hay Company, the plaintiff, or the defendant and that any payment made by John I. Hay Company to Pure Transportation Company and by plaintiff to John I. Hay Company was a pure gratuity and was not a legally enforceable obligation, and that as this action had prescribed there would be no obligation on the part of the defendant to pay. However, this argument by the defendant presupposes that the obligation of John I. Hay Company to pay Pure Transportation Company was solely one of tort, which is a presumption that this Court does not feel is justified by the facts. It is possible that if the facts did show that the only obligation of the John I. Hay Company to pay the Pure Transportation Company *482 was based on an action of tort then it could conceivably follow that as there was not a legal obligation on the part of Hay to pay Pure Transportation, the defendant would not be under any contractual obligation to reimburse and indemnify the plaintiff.
The foregoing argument of counsel for defendant presupposes that the obligation of John I. Hay Company to pay Pure Transportation Company was solely one of tort — an issue which this Court is not called upon to decide at this time for the reason that the issue thus raised addresses itself to the merits of the case. The defense thus tendered is founded on the supposition that the cause of action of Pure Transportation Company against John I. Play Company, irrespective of its nature, had prescribed at the time of its payment and waiver of the accrued prescription relieved plaintiff of the obligation of indemnifying the John I. Play Company. Stated otherwise, as we understand it, the defense in effect contends that present defendant is not obligated under the contract herein sued upon to reimburse plaintiff an amount paid by plaintiff in liquidation of a prescribed claim.
It is patently clear to us that such a defense, although predicated on the alleged prescription of the claim for which plaintiff herein seeks indemnity, cannot serve as the basis for a plea of prescription asserted in bar of plaintiff’s right to proceed with the present action.
We note that in Paragraph XI of plaintiff’s petition it is alleged that Pure Transportation Company made demand for payment against John I. Hay Company and there is attached to the petition a copy of an invoice dated May 27, 1952, which states that the Pure Transportation Company charged the account of the John I. Hay Company. Paragraph XII of plaintiff’s petition alleges that Pure Transportation Company delivered to the Hay Company a receipt and release dated March 2, 1953, a copy of which is attached. Said release discloses that the Pure Transportation Company “received of the Barge JIHCo No. 94, her Owners, Agents, Operators and specifically the John I. Hay Company and the Barrett Division of the Allied Chemical and Dye Corporation” the payment in question “in full settlement, satisfaction and discharge of any and all claims, whether in equity, admiralty or law” (Emphasis supplied). The documents referred to indicate that plaintiff’s obligation to pay the John I. Hay Company may have been founded on contract or admiralty and thus could be subject to a period of prescription other than that prescribed in LSA-C.C. Article 3536, all of which involves issues not before the Court on defendant’s present plea of prescription.
In view of the foregoing we conclude that our learned brother below erred in sustaining defendant’s plea of prescription and dismissing plaintiff’s demand. It follows that the judgment of the trial court must be reversed and this cause remanded to the trial court for further proceedings consistent with the views herein expressed.
Reversed and remanded.