149 So.2d 252 (1963)
Lowell W. DAVIS et ux., Plaintiffs-Appellants,
v.
George J. LE BLANC, Defendant-Appellee.
No. 742.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1963.
*253 Simon & Trice, by J. Minos Simon and Phil Trice, Lafayette, for plaintiffs-appellants.
Davidson, Meaux, Onebane & Donohoe, by Joseph Onebane, Lafayette, for defendant-appellee.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
This appeal concerns whether the plaintiffs are entitled to legal interest on amounts awarded them by a judgment of the trial court, when the judgment itself was silent as to the matter of interest. The plaintiffs appeal from a determination that they are not entitled to interest upon the judgment.
Initially, the plaintiffs instituted suit to rescind the sale of a residence because of redhibitory defects. Judgment was rendered after trial on the merits ordering the return to the plaintiffs of the purchase price of $20,200, and also condemning the defendant to pay them damages totalling $1,727.90.
After being ordered to file a large appeal bond (see La.App., 139 So.2d 224), the defendant did not perfect a suspensive appeal which he had moved for. The plaintiffs themselves did not appeal. The judgment of the trial court therefore is final, since the delays for taking an appeal have expired.
The judgment of the trial court did not specify that the amounts awarded were to bear interest. Accordingly, the defendant tendered into court the full face amount of the judgment ($21,927.90), without interest, and further obtained a rule for the plaintiffs to show cause why they should not accept said sum in full satisfaction of the judgment. The plaintiffs defended on the ground, inter alia, that they were in addition entitled to legal interest from the date of demand.
With the sole exception of judgments rendered in tort actions (to be discussed below), in Louisiana interest is never due on a judgment unless the judgment so provides. Viser v. Viser, La., 146 So.2d 409; Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841. Cf. also LSA-C.C.P. art. 1921. The plaintiffs herein had, it is true, prayed for interest from date of judicial demand; and, while they may have been entitled to receive interest upon the awards made to them (Burnham v. Hart, 15 La.Ann. 517; Donovan v. Mooney, 5 La. 57), the judgment rejecting their demand for such interest is now final, since the delays have expired in which plaintiffs *254 could have appealed and secured a correction of the judgment in this regard.
The plaintiffs, therefore, are not entitled to interestunless the award made is one which comes within the scope of a special statutory enactment (now LSA-R.S. 13:4203) which provides that "legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts." It has been held that, by virtue of this special enactment, interest is automatically due from date of judicial demand upon judgments in actions ex delicto, whether or not interest has been prayed for in the petition or has been mentioned in the judgment. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269; Hollis v. Ouachita Coca-Cola Bottling Co., La.App. 2 Cir., 196 So. 376; Layne v. Louisiana Power & Light Co., La.App. 2 Cir., 164 So. 672; Grennon v. New Orleans Public Service, 17 La.App. 700, 136 So. 309.
The trial court held that the award made, including the damages, sounded in contract, being based upon the breach of a warranty in the contract of sale between the parties. It held that the damages awarded were thus ex contractu and not ex delicto. Accordingly, the trial court held that the plaintiffs were not entitled to interest.
The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. State v. Fourchy, 106 La. 743, 31 So. 325, 331; City of New Orleans v. The Southern Bank, 31 La.Ann. 560; Kohn v. Mayor of Carrollton, 10 La. Ann. 719; 25 C.J.S. Damages § 2 at p. 455; Black's Law Dictionary (4th Ed., 1951), Verbo "ex contractu" (p. 660) and Verbo "ex delicto" (p. 660). See also: Reserve Insurance Co. v. Fabre, La., 149 So.2d 413; P. Olivier & Sons v. Board of Com'rs., 181 La. 802, 160 So. 419; Hunter v. Mayfield, La.App. 2 Cir., 106 So.2d 330; Parro v. Fifteen Oil Co., La.App. 1 Cir., 26 So.2d 30; Planiol, Civil Law Treatise (LSLI translation, 1959), Vol. 2, Section 873.
The plaintiffs contend that their claim is predicated on an action "ex delicto", since the basis of the award of damages in this redhibitory action is that the seller had intentionally concealed defects involved, LSA-C.C. Art. 2545. Thus, it is argued, the seller also committed a tort as well as a breach of the contract of sale. The plaintiffs' able counsel further points out that, in their petition, they prayed for legal interest from date of judicial demand until paid (generally an indicia of a tort action), and that some of the damages awarded were actually for inconvenience caused the plaintiffs by the defects (which the plaintiffs suggest are a form of tort damages).
The plaintiffs' counsel thus relies upon jurisprudence to the effect that a breach of contract may well give rise to actions both "ex contractu" and "ex delicto" and that, when such occurs, the party injured may elect which action to be pursued. Lafleur v. Brown, 223 La. 976, 67 So.2d 556; Kramer v. Freeman, 198 La. 244, 3 So.2d 609; American Heating & Plumbing Co., Inc. v. West End Country Club, 171 La. 482, 131 So. 466. In such instances, for the purposes of deciding whether the action springs ex contractu or ex delicto, it has been held that the entire petition must be examined, since allegations that one has been damaged do not determine the question, for damages result from the violation of contracts, either express or implied, as well as from the commission of offenses and quasi-offenses. See, e. g., P. Olivier & Sons v. Board of Com'rs., 181 La. 802, 160 So. 419; Kohn v. Mayor of Carrollton, 10 La.Ann. 719; Vicknair v. Rapides Parish School Board, La.App. 3 Cir., 128 So.2d 821. See also Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574.
The present suit is an action in redhibition. By it, the plaintiffs sue to rescind a sale because of redhibitory (hidden) defects. *255 By their prayer, they seek to recover a monied judgment, both for return of the purchase price and also for the damages sustained by them as a result of the breach of the seller's warranty that the object purchased was free of hidden defects which materially affected the usefulness of the object. See LSA-C.C. Arts. 2475, 2476, 2520, 2545. The buyer is not only entitled to recover the purchase price paid, but he is also entitled to damages occasioned him by the breach of the warranty, if the seller knew of the defect and failed to disclose it to the purchaser, LSA-C.C. Art. 2545, or if the seller fraudulently misrepresented the quality of the product, LSA-C.C. Art. 2547.
According to the allegations of the present petition, the seller knew of the hidden defects and failed to disclose them. There are also further allegations, which, it may be argued, also imply that the defendantseller made misrepresentations that the residence sold was free of such defects. The plaintiffs-appellants contend with considerable logic that this conduct alleged constitutes violations of a general duty, as well as of a contractual duty, and hence may be regarded as intended to set forth a cause of action to recover damages ex delicto.
As illustrated by Dean McMahon's critical discussion at 18 La.L.Rev. 111-112 (1957) of the above cited Importsales decision, ofttimes the difficulty in attempting to determine the "theory" of a case by construing the allegations of the petition is that the petition, seeking specified damages resulting from specified conduct, can with equal logic be construed in sounding either in contract or in tort. Actually, the same factual conduct constitutes the breach both of a contractual and of a general duty, and often by either breach the aggrieved person is entitled to the identical measure of recovery. In such instances, sometimes only by hair-splitting technicalities and dubious logic can the fiction be justified that any particular "theory of the case" can be said to have been solely intended by the routine allegations and prayer of the petition. The same allegations and prayer, for example, might be construed as indicating an action in tort for purposes of sustaining a choice of venue, whereas they might with equal facility be construed as indicating an action in contract if the question arises as to whether or not the suit is prescribed. Chronister v. Creole Corp., La.App. 4 Cir., 147 So.2d 218.
The narrow question before us, however, is really not whether this suit should be construed for all purposes as sounding either only in contract or only in tort. The question before us actually is limited to whether the present is a judgment "sounding in damages `ex delicto'" within the intendment of LSA-R.S. 13:4203, which special enactment accords preferential treatment to such judgments, in that (unlike other judgments) they automatically bear interest from date of judicial demand, whether or not prayed for or mentioned in the judgment itself.
We do not think that this is a suit or judgment sounding in damages ex delicto within the meaning of that special statute.
Essentially, plaintiffs were awarded judgment because of the defendant's violation of certain special obligations assumed by him as a result of his entering into a contract of sale, although the defendant's conduct may have violated also a general duty owed by him to the plaintiffs. The recovery sought is based upon codal provisions relating to the contract of sale (Book III, Title VII, Civil Code), rather than upon those codal provisions relating to offenses constituting violations of a general duty (Book III, Title V, Chapter 2, Civil Code).
In limiting the benefits of the special statute to judgments "sounding in damages `ex delicto'", the intention of the legislature in our opinion was to include only judgments based primarily on tort liability and historically regarded as arising ex delicto. The benefits of the statute are therefore not available in favor of judgments such as the present, which awarded damages *256 primarily on the basis of the violation of a contractual duty and in an action historically regarded as arising ex contractu; even though the violation of the contractual duty could also theoretically be described as a violation of a general duty.
The situation is somewhat similar to the question that arises when it is contended that, for purposes of evading the application of the short prescription in tort suits, an action for personal injuries can be characterized as an action for damages arising from breach of contract, on the ground that the plaintiffs' injuries resulted from the breach of a contractual as well as a general duty. Breslar v. Nugent, La.App. 3 Cir., 134 So.2d 694, 695 (action for baldness resulting from hair straightening treatment); Mills v. Doty, La.App. 2 Cir., 116 So.2d 710 (action for injuries sustained by reason of chiropractic treatment); Sizeler v. Employers' Liability Assurance Corp., La.App.Orl., 102 So.2d 326 (action for personal injuries resulting from breach of contract of safe carriage by a common carrier).
Such personal injuries may often indeed be ascribed as having resulted from a breach of a contractual duty with as much logic as ascribing them to a breach of a general duty. In fact, property damage resulting from a breach of a contractual duty may be treated as arising ex contractu, even though the personal injuries resulting from the same breach of the same contract are regarded as arising ex delicto. See, e. g., Sizeler decision at 102 So.2d 328.
Nevertheless, suits for personal injuries in such instances are regarded historically as sounding in tort and not in contract, at least for the limited purpose of deciding whether the much shorter tort prescription applies as against the much longer contract prescriptions. The underlying reason, we suggest, is the courts' conclusion that, because of the practical and historical considerations involved, the legislature never intended the much longer contract prescriptions to apply to actions for personal injuries instead of the relatively short tort prescription.
See also Ohio Casualty Insurance Company v. Nunez, La.App. 3 Cir., 134 So.2d 309, where the breach of a duty both contractual and general was regarded as giving rise to an action solely "ex contractu" for certain other purposes.
For the foregoing reasons, we affirm the judgment of the trial court holding that the plaintiffs are not entitled to interest on the judgment in their favor. Costs of this appeal are assessed against the plaintiffs-appellants.
Affirmed.