SOMMERVILLE,
J. The plaintiff sues the Shreveport Traction Company to recover $5,000 damages for alleged injuries claimed to have been received by her in attempt *97 ing to alight from a car operated by defendant company in Shreveport on July 29, 1912. She alleges that the negligence of the defendant consists in the starting of the car with a sudden jerk as she was in the act of alighting, which threw her to the ground, seriously wounding her head and back, shocking her nerves, and impairing her health.
Defendant specially denied any fault, negligence, or carelessness, and averred the sole cause of the accident was the fault and negligence of plaintiff in attempting to alight from the car while in motion, and before it came to a stop.
Trial was had before a jury, and it resulted in a mistrial. On the second trial a verdict was rendered in favor of the plaintiff for $1,000 by a divided jury; and defendant prosecutes this appeal.
In refusing a new trial, the trial judge said, in part:
“This is the second trial before a jury, the first resulting in a mistrial. The present verdict is plainly a compromise verdict. This can be seen from reading the evidence, and it does not need the attached affidavit to make the same plain. * * *
“While this court has the legal right to set aside the verdict of the jury, it has made it a practice not to do so except in a case where there is a plain and unambiguous denial of justice. Such is not the case here, although this court does not wish the case to go to the supreme court stamped with its full approval. A careful review of the written testimony, with full opportunity to analyze the same, allows the judge to come to a more just conclusion than merely hearing the evidence. This court does not know what its conclusion would be if it had an opportunity to read the evidence in the case, as the Supreme Oourt will have; but from hearing same it is very doubtful whether plaintiff has any right to recover in this case.”
[2] The trial judge would have had full opportunity to have read the evidence if,he had waited for it to have been written out, before he passed upon the motion for a new trial; and this court would then have had the benefit of his judgment on the case. The Code of Practice makes it the duty of a trial judge to grant a new trial when he is not satisfied with the correctness of a verdict (articles 558, 559); and we must assume that he did approve of the verdict in this case, although he says he “does not wish the case to go to the Supreme Court stamped with his full approval.”
We shall here repeat what was said in the case of Anderson v. Texas & Pacific Ry. Co., 139 La. 1104, 72 South. 751, under a somewhat similar condition:
“This course we beg our brethren below not to follow, but, on the contrary, to exhaust the possibility of disposing finally of the case below before sending it to this court already burdened with more than its just share of work.”
In that case, the judgment was set aside; and the suit was dismissed. A similar disposition will be made of this case.
[1] There is but one question of fact presented for determination.
Plaintiff alleges and testifies that she was on an open, or summer, car of defendant company, and that while she was on the running board, in the act of alighting, the car was suddenly started, after having been brought to a full stop, and she was thereby thrown off and injured. Her testimony is corroborated by two children, who clearly testified to impressions, rather than to facts.
Other witnesses testify in her favor, but their testimony is uncertain and unconvincing.
The trip was being made at night, when it was too dark for the signboard, announcing that cars would stop at the point, to be seen, and where plaintiff wished to alight; and she assumed that the car had reached the point when she attempted to alight, whereas the stopping place had not yet been reached, and the car was slowing up as it neared the point.
The preponderance of evidence is with the defendant company to the effect that plaintiff alighted from the ear before it had come to a stop in response to her signal to stop, and she was therefore alone responsible for *99 the accident which befell her. She cannot recover damages from defendant.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and that this suit be dismissed, at plaintiffs cost.