(109 So. 345)

No. 27908.

## DALGARN v. NEW ORLEANS LAND CO.

### In re DALGARN.

(May 31, 1926.    Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

1. **New trial ⬤═65—Trial ⬤═134—Jury must pass on facts, and judge may render judgment thereon or set aside verdict as erroneous or contrary to his conscientious conviction.**

Province of jury is to pass on facts, and of judge to render judgment thereon, if he concurs in finding, or set aside verdict, if jury improperly or incorrectly resolved facts, or for any good reason addressed to his conscientious conviction.

2. **Continuance ⬤═1.**

Court can discharge jury before verdict only in cases of extreme, manifest, urgent, or imperious necessity.

3. **Continuance ⬤═1.**

Propriety of discharging jury depends largely on circumstances of particular case.

4. **Continuance ⬤═10—Pendency of suit for money earned and profits lost by breach of contract held not to warrant discharging jury and continuing suits by plaintiff for conversion, and by defendant for injunction.**

Pendency of suit for money earned under contract and profits lost because of its breach *held* not to warrant order discharging jury and continuing consolidated suits by plaintiff against defendant for conversion, and by latter against former for injunction.

5. **Trial ⬤═2, 5—One suing for money earned and profits lost by breach of contract held entitled to consolidation, trial, and prompt determination of suits between same parties for conversion and injunction.**

One suing for money earned and profits lost by breach of contract *held* entitled to consolidation, trial, and determination without unnecessary delay of his suit against defendant for conversion and latter's suit against plaintiff for injunction.

Consolidated suits by the New Orleans Land Company against Lewis M. Dalgarn and by the latter against the former. Jury dis-

charged, case continued, and Dalgarn applies for writs of mandamus and prohibition. Writs granted in part.

See, also, 157 La. 387, 102 So. 498.

John C. Hollingsworth and H. M. Ansley, both of New Orleans, for relator.

W. O. Hart and Charles Louque, both of New Orleans, for respondent.

BRUNOT, J.    The New Orleans Land Company sold 100 acres of land to the West End Country Club, and obligated itself to clear the land.    On June 20, 1919, it entered into a contract with petitioner to cut and remove from the land all underbrush, growth, roots, and trees, except such trees as it might be determined to leave thereon.    The contract provided that the work was to be paid for by the New Orleans Land Company monthly as it progressed, upon a proportionate percentage basis.    Petitioner entered upon the work, and was thus engaged on January 12, 1920, at which time the New Orleans Land Company, basing its action upon an alleged violation of the contract, ordered the petitioner to cease work and to remove from the land.    Thereupon petitioner filed a suit against the New Orleans Land Company for a sum of money alleged to be due and owing to him under estimates of work done under his contract on and before January 12, 1920, together with the prospective profits lost by him by reason of the New Orleans Land Company's refusal to permit him to complete the contract.    This suit is No. 130101 of the docket of the civil district court.    On June 27, 1920, or about six months after this suit was filed, the New Orleans Land Company, as plaintiff in suit No. 132340 of the docket of the civil district court, obtained an injunction restraining petitioner from going on the land and from removing any cordwood, cross-ties, logs, etc., therefrom.    On July 27, 1920, petitioner filed suit, No. 132499 of the docket of the civil district court, against the New Orleans Land Company for the value of the manufactured

cordwood, cross-ties, logs, etc., to which he asserted ownership, and which he alleged the New Orleans Land Company took into its possession and converted to its own use after obtaining the injunction prayed for in its suit No. 132340.

The first suit filed by petitioner, No. 130101, was tried in the civil district court, and is now pending on appeal to this court. The two suits, No. 132340, New Orleans Land Company v. Lewis M. Dalgarn, and No. 132499, Lewis M. Dalgarn v. New Orleans Land Company, were consolidated, called for trial, a jury was impaneled, the issues were presented to the court and jury, and the arguments of counsel were heard. At this stage of the proceedings the trial judge, of his own motion, discharged the jury and continued the case. Thereupon petitioner applied to this court for writs of mandamus and prohibition. A rule nisi issued to show cause why the writs should not issue, and in response to the rule the trial judge has filed a return, and the New Orleans Land Company has filed an answer in which it adopts the return of respondent judge as its own. The return is a recital of the facts as we have given them, in a more amplified manner. Respondent judge assigns as his reason for entering the order continuing the case and discharging the jury, that, after hearing the pleadings, issues, and arguments, he reached "the conclusion that he could not conscientiously pass on the merits of the cause until certain facts which were at issue in suit No. 130101, now before the Supreme Court, were determined."

[1] We must remember that this was a jury trial, and it was the province of the jury to pass upon the facts, and of the judge to render judgment thereon if he concurred in their finding of fact, or, if, in his wise judgment, the jury had improperly or incorrectly resolved the facts, or for any good reason which addressed itself to his conscientious conviction, to set the verdict aside.

[2, 3] The power of discharging a jury before it has arrived at a verdict is a delicate and highly important trust, and can be exercised only, as the decisions variously state it, in cases of extreme, manifest, urgent, or imperious necessity. While there are certain fairly well defined grounds which are considered sufficient to authorize the discharge of the jury, the question of its propriety depends to a large extent upon the circumstances of the particular case. Am. & Eng. Ency. of Law, vol. 17, p. 1253.

[4] We do not think the reasons assigned in the return before us warranted the issuance of the order of which petitioners complain and from the effects of which they seek relief in this proceeding. It is clear to us that, while both of petitioner's suits against the New Orleans Land Company grew out of the same original contract, each suit presents an entirely different and distinct cause of action. In one case the suit is for money earned, under a contract, prior to January 12, 1920, and for prospective profits that would have been earned under the contract if plaintiff had been permitted to complete it. In the other case the suit is for the value of property claimed by petitioner which, he alleges, the New Orleans Land Company has unlawfully converted to its own use. It was this case, consolidated with the suit of the New Orleans Land Company against petitioner for an injunction, that was on trial when the order complained of was issued. It is not for us to anticipate what may be the final judgment in the case now on appeal to this court, or what may be the effect of that judgment upon the issues involved in the consolidated cases now pending in the civil district court. If it be a fact that petitioner was the owner of the property he alleges the New Orleans Land Company appropriated to its own use, it is clear that neither an affirmance nor reversal of the judgment in the case now on appeal can affect his right to assert his ownership of that property. It is also clear that this cause of action did not exist when the original suit

was filed, but that it arose as a result of the New Orleans Land Company's injunction suit.

[5] Petitioner alleges that he has been deprived of property exceeding $25,000 in value since June 27, 1920, and unless the writs prayed for are issued he will lose his place on the trial docket and will thereby be greatly damaged in his rights to property.

It is our opinion that petitioner is entitled to have the cases, No. 132340, New Orleans Land Company v. Lewis M. Dalgarn, and No. 132499, Lewis M. Dalgarn v. New Orleans Land Company, consolidated, tried, and determined without unnecessary delay.

It is therefore ordered and decreed that the two cases, No. 132340, New Orleans Land Company v. Lewis M. Dalgarn, and No. 132499, Lewis M. Dalgarn v. New Orleans Land Company, be reinstated and replaced on the jury docket of the civil district court of the parish of Orleans, as an open case, before any division of said court, first having a jury, and, to this extent, the writs of mandamus and prohibition applied for in this matter are granted and made final.