ELLIS, Judge.
Plaintiff, Herbert J. Cramer, brought this suit against Emmco Insurance Co. for recovery of damages for- the total loss of his automobile by collision. The alleged value of the automobile was $195. Penalties and attorneys fees were sought also. The defendant was duly served through the Secretary of State and in due course a confirmation of a default was entered. The judgment awarded plaintiff $110 since his evidence showed he had received $85 salvage for the automobile, plus 12 per cent penalties and $35 attorneys’ fees,’ as well as all costs.
The defendant prosecuted .a suspensive appeal.
The petition alleges the policy of insurance upon which this action is founded provided payment of the actual cash value of his automobile in the event of its destruction by collision or upset;. that the automobile- was destroyed by collision during the period covered by the policy, and that despite amicable demand the defendant refused to pay. The policy of insurance was made part of the petition.
The evidence was not transcribed, but upon a joint motion of plaintiff and defendant the trial court has filed herein a statement of facts as to the testimony and evidence submitted.
The memorandum shows the insurance policy was filed in evidence and that the plaintiff testified the value of the automobile was $195, but that he had received the sum of $85 as salvage. It also shows *550 that the insurer refused to pay plaintiff’s claims.
The plaintiff maintains the policy of insurance covered the automobile for “collision or up-set”. The defendant has prosecuted this appeal, contending the policy did not cover damages to the automobile from “collision or up-set”, and that the demands of the plaintiff should have been entirely rejected by the lower court.
This policy shows a total premium of $6 was paid by the plaintiff for a period of six months. It is not denied that the policy was in effect at the time of the loss but it is contended that the policy did not cover “collision or upset” but only “fire, lightning and transportation” plus “theft”.
An examination of the policy shows it was inserted in a type-writer in such a manner as to cause the typed words and letters on the policy to appear partially above their proper position. To clarify the dispute herein the pertinent part of the policy is copied to show the position of the typed numerals and letters.

The letters “ACV” and “$6.00” appear partially in item 4.B and partially in item 4.C, which covers fire, lightning and transportation. It appears a fair and equitable interpretation of what this entry meant requires a conclusion that “collision or upset” was not covered since no entry whatsoever was made in item 4.B of the policy to show any deductible amount from the actual cash value to be paid by the assured in the event of such loss. Also, the premium of $6 is palpably too small a sum to cover the full loss of the car by collision. In other words, an examination of the policy in its entirety prohibits any determination that “collision or upset” was covered.
This Court, in Malbreaugh v. City of Baton Rouge, 68 So.2d 619, at page 623, has stated:
“While courts are loathe to disturb the judgment of a judge or jury unless manifestly erroneous, it is clearly the duty of the lower court as well as the appellate courts to do so when in their opinion the judgment is manifestly erroneous. Burt v. Shreveport Ry. Co., 142 La. 308, 76 So. 723; Muse v. Curtis, 9 Mart., O.S., 82, 83; Halliday v. Lanata, 25 La.Ann. 373; Matthews v. New Orleans Terminal Co., La.App., *551 45 So.2d 547; Dalgarn v. New Orleans Land Co., 161 La. 653, 109 So. 345; Smith v. Parker, La.App., 59 So.2d 718; Dahlberg v. Shreveport Traction Co., 141 La. 96, 74 So. 707; Gordon v. Pittman, La.App., 61 So.2d 609.”
Accordingly, it is ordered the judgment of the lower court be reversed and the plaintiff’s suit dismissed, at his cost.