414 So.2d 403 (1982)
James PELLERIN
v.
TUDOR CONSTRUCTION COMPANY, Commercial Union Assurance Company, T. Clayton Price and Century Marble and Tile Corp.
No. 14726.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Rehearing Denied June 23, 1982.
Allen J. Borne, Borne, Rogers & Senette, Franklin, for plaintiff.
Howard W. Martin, Martin & Leonard, Ltd., Lafayette, for intervenor Employers Commercial Union Ins. Co.
John Blackwell, Gibbens & Blackwell, New Iberia, for Tudor Const. Co., Commercial Union Ins. Co. and T. Clayton Price.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
*404 LOTTINGER, Judge.
This is an "executive officer" suit wherein plaintiff, James R. Pellerin, sued his employer, Tudor Construction Company, Inc., his employer's insurer, Commercial Union Assurance Company, and T. Clayton Price, superintendent for the plaintiff's employer. The suit is for personal injury damages sustained on February 6, 1976, when plaintiff slipped and fell off a wall while in the course of his duties as a carpenter, causing a serious head injury. Tudor Construction Company was dismissed from the suit on a peremptory exception of no cause of action on the grounds that it was the employer of plaintiff, and that plaintiff's sole remedy against it was in workmen's compensation, La.R.S. 23:1032.[1] By the time of trial, the only remaining defendants were T. Clayton Price and Commercial Union Assurance Company.[2]
At trial, defendants moved for a directed verdict at the close of plaintiff's case. The motion for a directed verdict was denied by the trial court. The defendants put on no additional evidence, and the case was submitted to the jury. The jury returned a verdict for the plaintiff. The defendants then moved the trial court to grant a new trial on the issue of liability, arguing that the jury verdict in favor of plaintiff was clearly contrary to the law and evidence, pursuant to La.C.C.P. art. 1972. Motion for a new trial on these grounds was granted by the trial court. Because no appeal lies from the granting of a motion for a new trial since same is not a final judgment, the plaintiff applied for supervisory writs to this court, alleging that he would sustain irreparable injury if forced to go through another trial. This court granted a writ of certiorari and ordered the record to be transmitted from the trial court. All proceedings in the trial court were held in abeyance pending this court's determination of the propriety of the trial court's actions under the unique circumstances presented.
The accident from which the suit arose occurred on February 6, 1976. The plaintiff was employed as a carpenter for Tudor Construction Company, which at the time of the accident was engaged in construction of Inglewood Mall in Morgan City. On the morning of the accident, plaintiff left his residence in Verdunville to travel by car to Morgan City. Weather conditions were rainy and stormy, and plaintiff began to wonder if work were possible that day. Plaintiff returned home to call the work site and find out whether he was to work that day. Plaintiff's wife contacted defendant T. Clayton Price on the telephone. Price informed Mrs. Pellerin that plaintiff should indeed report to work, and plaintiff did so.
After reporting to work, plaintiff was assigned by Price the task of finishing the window frames for an outer wall of a building. This task required plaintiff to work from a scaffold outside of the wall. The scaffold was about 25 feet inside of an overhang roof, but was otherwise exposed to the elements. This overhang was approximately 20 feet high.
The wall which plaintiff was working with was approximately five feet high. Plaintiff's task was to do precision work on the window frames which would allow the wall to be completed. The already completed portion of the wall was covered with a sheet of visqueen for protection. The visqueen was held in place by a number of bricks on top of the wall. Plaintiff used a scaffold to finish the window frames. He was assisted in his task by a helper. The helper's job was to move the scaffold along the wall as requested by the plaintiff. Plaintiff ordinarily climbed down from the scaffold while it was being moved by the helper. However, just before the work was completed, the plaintiff elected to step from the scaffold onto the visqueen-covered wall. In so doing, the plaintiff tripped over one of the bricks holding down the visqueen, and *405 fell headfirst to the floor inside the wall, causing him serious injuries.
At trial, the plaintiff sought to prove that the rainy and cloudy weather conditions brought moisture into plaintiff's work area from under the overhang, that the floor and the scaffolding where plaintiff was ordered to work were wet from rainwater, that the scaffold was slippery and dangerous from moisture and thus could not be safely ascended and descended, and that plaintiff had no choice but to climb over to the wall so that the scaffold could be moved by the helper. Thus, the plaintiff argued, his fall from the wall was caused by the negligence of T. Clayton Price in ordering him to work under such dangerous conditions.
The plaintiff has not assigned formal specifications of error, but basically argues that the trial court abused its discretion in granting a new trial on the issue of liability. He contends that the jury's verdict in his favor was supported by the law and evidence, and points to the denial of a directed verdict as an indication that there was evidence from which a jury could return such a verdict. The defendants argue that the granting of a motion for a new trial is not inconsistent with the denial of a directed verdict for defendants, even where defendants decline to put on further evidence after the directed verdict has been denied. The defendants further assert that the motion for a new trial was properly granted, in that the jury verdict was clearly contrary to law and evidence. Alternatively, the defendants argue that certain statements made during the voir dire examination of potential jurors prejudiced the jury, and ask for a new trial under La.C.C.P. art. 1973. The judgment granting a new trial did not mention the alleged voir dire irregularities, and stated as grounds therefor only that the jury verdict was clearly contrary to law and evidence.
It is the task of this court to decide whether the trial court abused its discretion in granting a new trial. If we find an abuse of discretion, we must decide the case on its merits, inasmuch as the entire record is before us, La.C.C.P. art. 2164, Gonzales v. Xerox Corporation, 320 So.2d 163, 166 (La. 1975). Should we find no abuse of discretion in granting a new trial, we will recall the writ and remand for the new trial.
The motion for a directed verdict, La.C. C.P. art. 1810(A), is a relatively new procedure made available to Louisiana litigants. In Campbell v. Mouton, 373 So.2d 237 (La. App. 3rd Cir. 1979), the Third Circuit held that the correct standard for ruling upon a motion for directed verdict was that applied by the federal courts, inasmuch as La.C.C.P. art. 1810(A) was adopted verbatim from Rule 50(a) of the Federal Rules of Civil Procedure. The court in Campbell v. Mouton, supra, cited Boeing Co. v. Shipman, 411 F.2d 365 (C.A. 5th Cir. 1969) for the following standard as to directed verdicts:
"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
This court has applied the same standard for directed verdicts in Gunter v. Plauche, 399 So.2d 727 (La.App. 1st Cir. 1981), and in Perkins v. American Machine and Foundary Company, 385 So.2d 492 (La.App. 1st Cir. 1980), writ denied 393 So.2d 727 (La.1980).
La.C.C.P. art. 1972 states in part that a new trial shall be granted where the judgment appears clearly contrary to the law and the evidence. The Supreme Court held in early cases that the standard for granting a motion for new trial on this ground was as follows:

*406 "If the judge of the district court was of the opinion that the verdict of the jury was ... in direct and flagrant violation of the law and the evidence, and in utter disregard of his charge, he should have set the verdict aside and granted a new trial." Halliday v. Lanata, 25 La.Ann. 373 (1873). (Emphasis supplied.)
In Dalgarn v. New Orleans Land Company, 161 La. 653, 109 So. 345 (1926), the Supreme Court stated:
"We must remember that this was a jury trial, and it was the province of the jury to pass upon the facts, and of the judge to render judgment thereon if he concurred in their finding of fact, or, if, in his wise judgment, the jury had improperly or incorrectly resolved the facts, or for any good reason which addressed itself to his conscientious conviction, to set the verdict aside."
This court in Malbreaugh v. City of Baton Rouge, 68 So.2d 619 (La.App. 1st Cir. 1953), stated: "While courts are loathe to disturb the judgment of a judge or jury unless manifestly erroneous, it is clearly the duty of the lower court as well as the appellate courts to do so when in their opinion the judgment is manifestly erroneous." This case compares the standard for granting a new trial to the manifest error rule for appellate review.
Thus, we are of the opinion that the standards for a directed verdict and for granting a new trial because the jury verdict is contrary to the law and evidence are not the same. The difference between these two standards is the posture which the trial judge adopts in examining the evidence. In a motion for a directed verdict, the trial judge must examine all the facts and reasonable inferences in the light most favorable to the non-mover, and his evaluation of the credibility of witnesses has no part. Campbell v. Mouton, supra. However, in a motion for a new trial, the trial judge is free to evaluate the evidence without favoring either party; he may draw his own inferences and conclusions, and may evaluate the credibility of the witnesses to determine if the jury has erred in giving too much credence to an unreliable witness. Thus, the standard for a motion for a new trial is not nearly as stringent as that for a directed verdict. This is rightfully so, inasmuch as a directed verdict deprives a party of his right to be heard by a jury, whereas granting a motion for a new trial merely gives the party an opportunity to present evidence to a second jury, since the first jury has returned an unauthorized or unjust verdict. For these reasons, the fact that the trial judge has refused to direct a verdict in favor of defendants does not preclude his ability to grant a new trial, even when the defendants have presented no additional evidence. The trial judge may rule that the evidence is legally sufficient to make a directed verdict improper, but this mere legal sufficiency does not preclude the trial court from granting a new trial where the verdict does not do substantial justice or is against the manifest weight and probative effect of the evidence. We note parenthetically that the Alabama and Florida courts have long since taken the same position.[3] Alabama: Hodges & Company, Inc. v. Albrecht, 288 Ala. 281, 259 So.2d 829, 832 (1972); Pollard v. Rogers, 234 Ala. 92, 173 So. 881 (1937). Florida: Pyms v. Meranda, 98 So.2d 341 (Fla.1957); Carney v. Stringfellow, 73 Fla. 700, 74 So. 866 (1917).
Although as a general proposition it is not improper to grant a new trial following a denial of a directed verdict, we must still determine whether the granting of a new trial in the instant case was an abuse of discretion in light of all the evidence adduced at the trial court. We have examined the entire record thoroughly, and conclude *407 that the trial judge did not abuse his discretion in granting a new trial on the grounds that the jury verdict was contrary to the law and the evidence. Trial testimony indicated that the plaintiff never complained of the working conditions on and around the scaffold; that defendant T. Clayton Price specifically warned plaintiff to stay off the wall because of the danger of tripping over a brick; that the plaintiff had access to an ordinary stepladder to use to ascend and descend the scaffold if he felt that the scaffold ladder was dangerously slippery, and that the plaintiff did not request his helper to bring him a stepladder; and finally that the bricks on top of the wall were clearly distinguishable from those composing the wall and were easily observable from the area of the scaffold. This testimony not only suggests the absence of negligence of the defendants, but also the contributory negligence of the plaintiff. In light of same, the decision of the trial court to grant a new trial was not an abuse of its discretion.
Because the entire record of the case is before us, it may appear that under La.Civ. Code P. 2164 we could rule on the merits of the case at this time. However, the only issue presented by the writ application was whether the trial judge abused his discretion in granting a new trial. The trial judge ordered a new trial on the merits and we have found same not to be an abuse of discretion. We do not know the reasons for this order, and do not intend to usurp the authority of the trial judge to grant a new trial as he deems necessary. We therefore remand the cause to the trial court for a new trial.
Therefore, for the above and foregoing reasons, the writ of certiorari previously issued by this court in this cause is hereby recalled, and the cause remanded to the trial court for a new trial, as per judgment of the trial court dated May 19, 1981. All costs of these proceedings before this court are assessed to plaintiff-relator, James R. Pellerin.
WRIT RECALLED, CAUSE REMANDED.
NOTES
[1] Suit against an "executive officer" for negligence is available to plaintiff because the injury occurred prior to the 1976 amendments to La. R.S. 23:1032, the exclusive remedy provision.
[2] Another party defendant, Century Marble and Tile Corporation, was dismissed with prejudice prior to trial on the joint motion of plaintiff and this defendant.
[3] It must be noted that Alabama has a different standard for directed verdicts; the court will refuse an "affirmative charge" to the jury if there is a "scintilla of evidence" in favor of non-mover, rather than in Louisiana, where we look to determine whether there is substantial evidence opposed to the motions, that is, "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach differing conclusions." Boeing, supra.