ALFORD, Judge.
This is a wrongful death action filed by plaintiffs, David and Audrey Hastings, against defendants, Dr. Joseph R. Gerdes, Jr.; his insurer, Insurance Corporation of America; Dr. E. Edward McCool; his insurer, The Hartford Accident & Indemnity Company; and Baton Rouge General Hospital (BRGH), for the alleged wrongful death of their son, Cedric Hastings. The case was tried before a jury, and at the close of plaintiffs’ case all defendants moved for a directed verdict, which was granted by the trial court. Plaintiffs appeal from a judgment granting the directed verdicts.
Cedric was brought to the BRGH Emergency Room at approximately 11:56 P.M. on March 1, 1981, with two stab wounds in his chest. His vital signs were weak; however, Dr. Gerdes, who was the emergency room physician on duty, along with nurses employed by the hospital, were able to resuscitate Cedric and stabilize his vital signs. Because of Cedric’s copious bleeding, Dr. Gerdes placed a tube in Cedric’s chest and attached a pump to the tube to remove blood from the chest cavity. After determining that surgery might be necessary, Dr. Gerdes phoned Dr. McCool, who was the thoracic surgeon on call that night, for consultation. Dr. Gerdes presented the case to Dr. McCool and left the decision to Dr. McCool as to whether he should go to the hospital to examine Cedric. After talking with Dr. Gerdes, Dr. McCool was of the opinion that Cedric’s condition was stable, and upon learning that Cedric was not covered by insurance, ordered that he be transferred to Earl K. Long Hospital, a charity hospital. Dr. McCool felt that Earl K. Long Hospital would have the appropriate facilities and physicians to treat Cedric.
As Cedric was being placed in the ambulance to be transferred, the chest tube became dislodged, and a larger one was inserted by Dr. Gerdes. While in the ambulance, Cedric’s vital signs began to weaken *192 and he was returned to the emergency room where he later died. An autopsy revealed that Cedric had been stabbed in the heart and liver. Dr. Gerdes testified that Cedric had simply bled to death.
At trial, plaintiffs called Dr. Gerdes and Dr. McCool on cross-examination and elicited their opinion concerning the incident involving Cedric. They were not tendered as experts. No other witnesses were called to give opinion evidence. Plaintiffs also called several employees of BRGH who testified as to the regulations and policies of the hospital.
At the close of plaintiffs’ case, all defendants moved for a directed verdict contending that plaintiffs had not met their burden of proof. The trial court granted the directed verdicts in favor of the doc-
tors, stating that plaintiffs had not proven the necessary standard of care as required by LSA-R.S. 9:2794.[1] The trial court was of the opinion that a trier of fact could not find negligence or malpractice solely on the basis of the facts elicited by plaintiffs. The court stated that the case was complex and needed the testimony of expert witnesses.
The trial court also granted a directed verdict in favor of BRGH holding that LSA-R.S. 40:2113.4[2] was inapplicable to the present case. The court stated that this statute is designed to prevent discrimination, and that since this was not an action alleging discrimination, the statute did not apply. The trial court also found that plaintiffs had not proved any negligence on the part of BRGH.
*193 On appeal, plaintiffs contend that the trial court erred in granting the directed verdicts. Plaintiffs contend that Dr. Gerdes was negligent in his treatment of Cedric and that Dr. McCool failed to render emergency service when necessary. Plaintiffs further contend that BRGH was negligent by breaching its duty owed to Cedric and by failing to provide competent emer; gency room personnel.
This court has applied the following standard as to directed verdicts. Pellerin v. Tudor Construction Company, 414 So.2d 403, 405 (La.App. 1st Cir.1982), writ denied, 420 So.2d 455 (La.1982), quotes Boeing Co. v. Shipman, 411 F.2d 365, 374 (C.A. 5th Cir.1969) stating:
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.
A trial court has much discretion in determining whether or not to grant a motion for a directed verdict. Lincecum v. Missouri Pacific, 452 So.2d 1182 (La.App. 1st Cir.1984), writ denied, 458 So.2d 476 (La.1984).
After a thorough review of the record, we agree with the trial’s court granting of the directed verdict. The record clearly reflects that plaintiffs did not meet their burden of proof under LSA-R.S. 9:2794. Plaintiffs did not prove the degree of care ordinarily practiced by physicians within the involved medical specialty. Nor did plaintiffs prove that the doctors lacked such degree of knowledge or skill or failed to use reasonable care and diligence. Furthermore, it was not proved that Cedric’s death would not otherwise have occurred.
In addition, there was not proof that BRGH violated LSA-R.S. 40:2113.4, or that it was negligent in any way.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellants, David and Audrey Hastings.
AFFIRMED.
CARTER, J., concurs in part and dissents in part for reasons assigned.

. LSA-R.S. 9:2794, as it read prior to amendment in 1985, provides:
2794. Physicians and dentists; malpractice, burden of proof; jury charge
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., or a dentist licensed under R.S. 37:751 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
B. Any party to the action will have the right to subpoena any physician or dentist for a deposition and/or testimony for trial to establish the degree of knowledge or skill possessed or degree of care ordinarily exercised as described above without obtaining the consent of the physician or dentist who is going to be subpoenaed. The fee of the physician or dentist called for deposition and/or testimony under this Section will be set by the court.
C.In medical malpractice actions the jury shall be instructed that the plaintiff has the burden of proving, by a preponderance of the evidence, the negligence of the physician or dentist. The jury shall be further instructed that injury alone does not raise a presumption of the physician’s or dentist’s negligence. The provisions of this Section shall not apply to situations where the doctrine of res ipsa loqui-tur is found by the court to be applicable.

. LSA-R.S. 40:2113.4 provides in pertinent part:
2113.4 Duty to provide services; penalty
A. Any general hospital licensed under this Part, which is owned or operated, or both, by a hospital service district, which benefits from being financed by the sale of bonds that are exempt from taxation as provided by Louisiana law, or which receives any other type of financial assistance from the state of Louisiana and which offers emergency room services to the public and is actually offering such services at the time, shall make its emergency services available to all persons residing in the territorial area of the hospital regardless of whether the person is covered by private, federal Medicare or Medicaid, or other insurance. Each person shall receive these services free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition and economic status. However, in no event shall emergency treatment be denied to anyone on account of inability to pay. Any such hospital found to be in violation of this Section shall not receive any client referrals from the Department of Health and Human Resources.