813 So.2d 1189 (2002)
Harold ALEX, Jr., and Janella N. Alex, Individually and on behalf of Brithney Alex
v.
RAYNE CONCRETE SERVICE and Employers Mutual Casualty Company.
No. 01-1535.
Court of Appeal of Louisiana, Third Circuit.
April 3, 2002.
*1190 Harold D. Register, Jr., Lafayette, LA, for the Plaintiff/Appellee, Harold Alex, Jr.
Charles Martin Kreamer, Sr., Lafayette, LA, for the Defendants/Appellants.
Court composed of NED E. DOUCET, JR., Chief Judge, ULYSSES G. THIBODEAUX and MICHAEL G. SULLIVAN, Judges.
DOUCET, Chief Judge.
The Defendants, Rayne Concrete Service (Rayne Concrete) and Employers Mutual Casualty Co. (Employers), appeal the trial court's judgment finding the jury's assessment of fault to be contrary to the law and the evidence and granting the Plaintiffs' motion for a new trial.
The Plaintiff/Appellee, Harold Alex, Jr., was employed by Louisiana Concrete Specialists to assist in finishing concrete around a swimming pool in Rayne, Louisiana. The concrete was being supplied by Rayne Concrete and delivered and poured from their truck. As Alex moved backwards working the wet concrete, he moved under the trough extending from the back of the concrete truck. Another employee instructed the driver to lift the trough. However, instead of lifting the trough, the driver dropped it onto Alex's back.
Alex brought this suit for damages against Rayne Concrete and its insurer, Employers. The first trial resulted in a mistrial. The matter was tried again in December 2000. The jury found Alex 80% at fault and the Defendants 20% at fault. Alex filed a motion for judgment not withstanding the verdict or for new trial. The trial court granted the motion for new trial. The Defendants appeal.
La.Code Civ.P. art. 1972 provides peremptory grounds for granting a new trial, as follows:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La.Code Civ. P. art. 1973 additionally provides that: "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
The Second Circuit in Gilley v. Wendy's, Inc., 31,353, pp. 10-11 (La.App. 2 Cir. 12/9/98); 723 So.2d 517, 523, noted that:
A new trial may be granted when the jury's verdict, while free of legal error, *1191 does not do substantial justice or is against the manifest weight and probative effect of the evidence. La. C.C.P. arts. 1971-1973; Pellerin v. Tudor Constr. Co., 414 So.2d 403 (La.App. 1st Cir.1982), writ denied. In ruling on a motion for new trial, the court is not constrained to view the evidence in favor of the party who prevailed at trial, but may reach its own conclusions as to the weight of the evidence....
In the recent case of Davis v. Coregis Ins. Co., 00-475, p. 8 (La.App. 3 Cir. 12/27/00); 789 So.2d 7, 14, writ denied, 788 So.2d 1192 (La.3/30/01), this court outlined the standard of review of a judgment in connection with a motion for new trial:
Unless an abuse of discretion can be demonstrated, the trial court's action in granting or denying a new trial on discretionary grounds will not be reversed where it is convinced a miscarriage of justice has resulted. Rodriguez v. Prudhomme Mobile Homes, 98-1384 (La.App. 3 Cir. 3/3/99); 737 So.2d 75; Watson v. Nelson, 97-474 (La.App. 3 Cir. 10/29/97), 702 So.2d 1002, writ denied, 97-2958 (La.2/6/98), 709 So.2d 738. The standard of review for the grant or denial of a new trial under art.1972 and art.1973 is the same-abuse of discretion. See Zatarain v. WDSU-Television, Inc., 95-2600 (La.App. 4 Cir. 4/24/96); 673 So.2d 1181.
After reviewing the evidence in this matter, we find no abuse of discretion in the trial court's decision to grant a new trial. The record shows that in order to perform his duties properly, Alex had to work with his back to the concrete truck and back towards it as he worked the concrete. The testimony of Joseph Austin Mamou, Jr. was that the driver had been instructed to move the trough off to the side, and that the trough should have been secured to make sure it did not come back on the finishers. Joseph Austin Mamou, Sr. testified that as Alex backed under the trough, Mamou, Jr. called to the truck driver to lift the trough. The driver admits that he hit the wrong control and dropped the trough on Alex. Mamou, Jr. testified that it was the truck driver's responsibility to see that the finishers did not get under the trough. The trial testimony shows that although it is not a good idea to work under the trough, it happens that sometimes a finisher will work under the trough. Further, the testimony shows that Alex was not in a position to see the trough coming down.
Given this testimony, we cannot say that the trial court abused its discretion in finding that the jury's verdict apportioning fault in this matter 80% to Alex and 20% to the Defendants was contrary to the law and the evidence.

CONCLUSION
For these reasons, we affirm the trial court's judgment granting a new trial in this matter. Costs of this appeal are assessed to the Defendants/Appellants
AFFIRMED.