STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-987


JIMMIE LYNN MASSE-RICHARDSON

VERSUS

DR. RICARDO SAMUDIA, ET AL.


**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2000-2004
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and Glenn B. Gremillion, Judges.

JUDGMENT VACATED; REMANDED
FOR NEW TRIAL.


Richard J. Guidry
Jeffery A. Mitchell
The Cochran Firm
163 West Main Street
Dothan, AL 36301
(334) 671-8572
Counsel for Plaintiff/Appellant:
    Jimmie Lynn Masse-Richardson

**J. Gregory Bergstedt**
**John E. Bergstedt**
**The Bergstedt Law Firm**
**P. O. Box 1884**
**Lake Charles, LA 70602**
**(337) 436-4600**
**Counsel for Defendants/Appellees:**
**Dr. P. Hooper Nichols, III**
**Dr. William Moss**

GREMILLION, Judge.

In this case, the plaintiff, Jimmie Lynn Masse-Richardson, appeals the jury's finding that the defendant, Dr. P. Hooper Nichols, III, did not commit medical malpractice involving the death of her daughter, Carrie Brook Reese. For the following reasons, we vacate and set aside the judgment and remand for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Masse-Richardson filed a Petition for Damages for Wrongful Death and Survival Action. On March 19, 1996, her daughter died at the age of twenty-five having never married nor borne any children. On February 3, 1996, Reese was involved in a one-car accident when her car veered out of control and hit a tree head-on. Reese received medical treatment from various doctors over the course of the five weeks following the accident. Masse-Richardson claimed that Dr. Nichols breached the standard of care in his diagnosis, care, and treatment in that he failed to timely consider the diagnosis of hemobilia and intra-abdominal bleeding from liver lacerations and to timely order appropriate treatment for that condition to prevent Reese's death.

Following a jury trial, a verdict was rendered on October 15, 2004, finding that Dr. Nichols did not breach the standard of care. Masse-Richardson filed a motion for JNOV and in the alternative a Motion for New Trial, which was denied by the trial court. Masse-Richardson now appeals and assigns as error:

1.  The trial court's denial of her *Batson* challenge to the systematic striking of black members of the voir dire panel where it was known that her expert witness in gastroenterology was black.

1

2.      The jury's verdict that Dr. Nichols did not breach the applicable standard of care.

3.      The trial court's allowance of the testimony of Dr. F. Blaine Hollinger regarding whether or not Dr. Nichols breached the standard of care.

### *BATSON* CHALLENGE

Masse-Richardson claims that the defense counsel used four of his six peremptory challenges to strike black persons on the voir dire panel and offered no valid racially neutral reason for striking at least two of them. Counsel for Masse-Richardson raised a *Batson* challenge after defense counsel raised his last peremptory challenge.[1] Although neither party to the action is black, one of Masse-Richardson's experts, Dr. Eugene Trowers, is a black man. When Masse-Richardson's counsel informed defense counsel of that fact during voir dire, counsel stated that he did not know that the expert was black. In her brief, Masse-Richardson claims that a simple reading of his curriculum vitae reveals several significant "clues" that Dr. Trowers is black.

We first note that we recently held that *Batson/Edmonson* challenges are subject to review on appeal.[2] *Alex. v. Rayne Concrete Serv.*, 04-1555 (La.App. 3 Cir. 9/14/05), 915 So.2d 931. We will not reverse a trial court's finding regarding discriminatory intent in the absence of clear error as it is entitled to great deference. *Id.*

---

[1]  *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986).

[2]  In *Edmonson v. Leesville Concrete Co.,Inc.,* 500 U.S. 614, 111 S.Ct. 2077 (1991), the Supreme Court held that *Batson* applies to parties in a civil case such that pursuant to the Equal Protection Clause a juror cannot be excluded on account of his or her race.

In *Alex*, 915 So.2d at 935, we cited with approval the first circuit's summary of the law pertaining to *Batson/Edmonson* challenges as set forth in *Hurts v. Woodis*, 95-2166, p. 6 (La.App. 1 Cir. 6/28/96), 676 So.2d 1166, 1172 (citations omitted):

> A private litigant in a civil case may not use peremptory challenges to exclude jurors on the account of race. To do so is a violation of the Equal Protection Clause. First, the challenging party must make a prima facie showing that the opposing party exercised a peremptory challenge on the basis of race. The burden then shifts to the opposing party to articulate a race-neutral explanation for striking the jurors in question which is related to the case to be tried. This second step of the process does not demand an explanation that is persuasive, or even plausible.

> In the final step of the analysis, the trial court must determine whether the party raising the *Batson* challenge has carried his burden of proving purposeful discrimination. At this stage, the trial court must consider the persuasiveness of the explanations. It is at this stage that implausible or fantastic justifications may be found to be pretexts for purposeful discrimination.

Although *Batson* originally required that the defendant "show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race," that is clearly no longer the case since the United States Supreme Court's ruling in *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364 (1991). *Batson,* 476 U.S. at 96, 106 S.Ct. at 1723. In *Powers,* the Supreme Court held that a white criminal defendant could object to the race-based exclusion of jurors via peremptory challenges regardless of whether or not the defendant and the excluded jurors shared the same race.[3] Essentially, the defendant has standing to raise the excluded juror's claim

---

[3] *See also Campbell v. Louisiana*, 523 U.S. 392, 118 S.Ct. 1419 (1988), where a white criminal defendant (where the victim was also white) had standing to challenge the discriminatory exclusion of blacks from the grand jury.

because the defendant is injured when the integrity of the proceedings are called into doubt by racial discrimination; he and the excluded juror share a common interest in the elimination of race-based discrimination from the judicial process; and finally, it is practically impossible for an excluded juror to raise the claim on his own. *See Powers,* 499 U.S. 400, 111 S.Ct. 1364. Other courts in this state have adopted these principles. *See State v. Thomas,* 604 So.2d 52 (La.App. 5 Cir. 1992), *State v. Watkins,* 625 So.2d 507 (La.App. 5 Cir. 1993), and *State v. Stewart*, 93-708 (La.App. 1 Cir. 3/11/94), 633 So.2d 925, *writ denied*, 94-0860 (La. 9/16/94), 642 So.2d 189. Moreover, these principles apply in both criminal and civil contexts. *See Edmonson*, 500 U.S. 614, 111 S.Ct. 2077. Accordingly, the distinction that neither of the parties is black or that a witness is black is irrelevant as far as Masse-Richardson's ability to raise a *Batson/Edmonson* objection is concerned. It does not matter that none of the parties were black; there can be no racial discrimination in the selection of the jury and, for the reasons set forth by the Supreme Court, a criminal defendant and a plaintiff or defendant in a civil trial have standing to raise a *Batson/Edmonson* objection. Nevertheless, the racial composition of the parties may be a factor considered by the trial court in ruling on *Batson/Edmonson* objections. *See Thomas*, 604 So.2d 52, *Watkins*, 625 So.2d 507, and *Powers,* 499 U.S. 400, 111 S.Ct 1364.

The transcript from the record reveals that defense counsel used four of his six peremptory challenges to strike black people from the voir dire panel including Carl Senegal, Adrienne Jefferson, Carlos Jones, and Hazel Green. After using his last peremptory challenge on Green, plaintiff's counsel raised a *Batson* objection. Defense counsel then went on to propound his reasons for his choices

4

before the trial court determined whether plaintiff's counsel had made a made a prima facie showing of discrimination. Accordingly, the first step of the three part requirement was rendered moot. *Alex*, 915 So.2d 931; *Hernandez v. New York*, 500 U.S. 352, 111 S.Ct. 1859 (1991).

Defense counsel offered the following explanations for his remaining choices:

> I will elucidate to the Court my reason for striking these jurors. There is certainly no racial motivation in that. Mr. Senegal is a person who's had a class action lawsuit and drew money for it. That's why I struck him.
>
> Ms. Jones, quite frankly, talks too much and is my reason for striking her. Has nothing to do with her racial background. She could be of any color.
>
> Adrienne Jefferson I found to be quite young, and we are dealing with the death of a young woman who at the time of her death was similar in age to Ms. Jefferson.
>
> . . . .
>
> My reason for striking Mr. Green was to get to the next juror, Your Honor. Had nothing to do with I prefer Ms. Rayon to Ms. Green. And they're out of challenges.

We note that the reason for the challenge of Jones is suspect, but because of the lack of evidence in the record we shall not visit this challenge. With regard to the Jefferson challenge, plaintiff's counsel pointed out that defense counsel had accepted a twenty-three year old white woman as a juror, who was obviously younger than Jefferson (twenty-seven) and who was also two years from Reese's age at the time of her death (twenty-five). The trial court offered no other explanation for its denial of plaintiff's *Batson* objection other than, "I appreciate the argument here, [plaintiff's counsel], but I am not buying it at this time." Having reviewed the record, we find

5

the trial court erred in not granting the *Batson* challenge pertaining to potential juror Jefferson.

The Supreme Court has recently pointed out that any facially race-neutral reason offered in defense of a *Batson* challenge is not necessarily worthy when viewed in light of other facts. *Miller-El v. Dretke*, ___U.S.___, 125 S.Ct. 2317 (2005). The Supreme Court indicated that a proper analysis includes:

> [S]ide-by-side comparisons of some black venire panelists who were struck and white panelists allowed to serve. If a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at *Batson's* third step.

*Id.* at 2325, __.

In the instant case, the trial court should have found that allowing a white woman to serve as a juror while challenging a similarly situated black woman demonstrates purposeful discrimination.

Finally, there was no attempt by the defendant's counsel to give a race neutral reason for the challenge of Green except to exclude her from the jury in order to have a white female serve.

Although we are cognizant of the importance of an attorney's ability to use peremptory challenges as he sees fit to compose a jury of his choosing, the law is clear that race can never be a factor in that decision. Based on our review of the challenges of Jefferson, particularly in light of *Miller-El* and potential juror Green, we find that defense counsel's proffered reasons were not race neutral. Accordingly,

we find the trial court committed legal error requiring us to vacate and set aside the judgment of the trial court.[4]

We are faced with a choice of performing a de novo review and rendering judgment or remanding the matter for a new trial. We are cognizant of our decision in *Alex* wherein we performed a de novo review, however, the *Alex* case had been tried below three times.[5] In the final *Alex* appeal we conducted a de novo review and rendered. In this instance we prefer that an appropriately selected jury decide this very important case. Accordingly, we remand the matter for a new trial.

## CONCLUSION

The jury verdict in favor of the defendant-appellee, Dr. P. Hooper Nichols, III, is vacated and set aside and the matter remanded for a new trial. All costs of this appeal are assessed against Dr. Nichols.

**JUDGMENT VACATED; REMANDED FOR NEW TRIAL.**

---

[4] This finding renders Masse-Richardson's assignments of error two and three moot; accordingly, we will not address them.

[5] In *Alex*, a mistrial was declared in one trial and we reviewed and reversed the matter in another before revisiting it again in 2005. *See Alex v. Rayne Concrete Serv.,* 01-1535 (La.App. 3 Cir. 4/3/02), 813 So.2d 1189.